JOTHAM W. HODSDEN v. ALICE M. HODSDEN and Another.[1]

October 27, 1897.

Nos. 10,709—(76).

Fraud—Rescission of Contract—Pleading.

> H. conveyed to his wife certain real estate, upon her promise that, if he
> would do so, she would not treat him in a cruel and inhuman manner, nor
> desert him, but would live with him as a true, faithful, dutiful, and affec-
> tionate wife, and treat him with kindness and consideration. The wife,
> after receiving such conveyance, violated such promise, and H. brought
> suit to cancel the conveyance upon the ground of fraud, but did not allege
> in the complaint any material fact showing a fraudulent intent on the
> part of the wife at the time of making such promise. *Held*, that the alle-
> gations in the complaint were insufficient to support an action for fraud.

Appeal by defendant Alice M. Hodsden from an order of the
district court for Renville county, Webber, J., overruling her de-
murrer to the complaint on the ground that it fails to state a cause
of action. Reversed.

*Geo. F. Gage* and *McClelland & Tifft*, for appellant.

*John J. Schoregge*, for respondent.

BUCK, J.

This was an action brought by the plaintiff, as husband of one of
the defendants, to recover the title to real estate which he caused
to be conveyed to his wife, and which he charges she procured by
fraud. Only the wife appeared. She interposed a demurrer to
the complaint, upon the ground that it did not state facts sufficient
to constitute a cause of action. The trial court overruled the de-
murrer.

The complaint is quite lengthy, and charges that the wife con-
tinually treated the plaintiff in a cruel and inhuman manner,
threatening to shoot him, and used vile and obscene language to-
wards plaintiff, and repeatedly threatened to desert him, whereby
plaintiff was made miserable and sick, and suffered great mental
pain and anguish, but that, upon her promise to live and cohabit
with plaintiff, and never desert him, and be a faithful, affectionate,

[1] Reported in 72 N. W. 562.

and dutiful wife, he caused to be conveyed to her the real property in controversy; that, after obtaining the title to said property, she violated all of her said promises, and deserted him, and commenced a divorce suit against him, which is still pending. Other serious charges are made in the complaint against the wife, which we need not consider upon this demurrer.

The vice in the complaint is that it does not directly allege that the wife, at the time of making the promises by virtue of which she obtained the conveyances to her of the real estate, did not intend to keep her said promises, but made the promises for the mere purpose of procuring the conveyances. Fraud cannot be predicated upon a mere promise, though it be afterwards unfulfilled. From all that appears in the complaint, she may have intended to have fulfilled the promises which she made her husband at the time he caused the conveyances to be made to her. It does not appear that she made any fraudulent representations of any existing material fact as an inducement whereby he caused the property to be conveyed to her. All the promises or representations related to what she would do in the future, and no act is alleged to show that she did not intend to perform them, except the mere fact that she did not fulfill her promises. But nonperformance of an agreement or refusal to fulfill promises is not alone sufficient upon which to predicate an action for fraud. Even if the wife's promises were sufficiently valid upon which to maintain an action for its breach, this action is not one to enforce a contract, but to avoid one upon the ground of the fraudulent intent of the wife; and hence the failure to allege in the complaint material facts and an existing intent to defraud on the part of the wife at the time she procured the conveyance to be made to her renders the complaint insufficient.

We do not deem it necessary to discuss any other question to which counsel has referred.

The result is that the order overruling the demurrer must be reversed. So ordered.