MATHIAS LANG v. CHARLES C. MERBACH and Another.[1]

December 15, 1905.

Nos. 14,471—(68).

**Vendor and Purchaser.**

Where an owner of real estate places the same in the hands of an agent,. to be sold according to the acreage appearing by his title papers, and the agent represents to a purchaser that the tract contains a specified number of acres, but less than the amount called for by the government survey, and the purchaser relies in good faith upon such representations and buys the property at a stipulated price per acre, the owner is liable to. the purchaser, at the specified price per acre, for the difference between. the actual amount and the amount represented.

**New Trial.**

A verdict having been returned for appellants, the court did not abuse. its discretion in granting a motion for a new trial upon the ground that the evidence was not sufficient to support the verdict.

Action in the district court for Lac qui Parle county to recover $1,537.50, being the value of a deficiency in area existing in a parcel of land purchased by plaintiff from defendants upon their alleged fraudulent representations as to the quantity thereof. The case was tried before Qvale, J., and a jury, which rendered a verdict in favor of defendants. From an order granting a motion for a new trial,. defendants appealed. Affirmed.

[1] Reported in 105 N. W. 415.

*H. L. Sorknes,* for appellants.

*J. H. Driscoll,* for respondent.

LEWIS, J.

Appellants were the owners of the southeast quarter, the south half of the northwest quarter, the northeast quarter of the northeast quarter and lots 1, 2, 4, and 5, of section 2, town 118 north, of range 45, (excepting a five-acre tract which had been deeded) Lac qui Parle county, and listed the same with an agent for sale. The agent sold the land to respondent, who paid $100 down as earnest money and entered into a preliminary contract, executed January 6, 1902, which set forth the description of the premises as above, that they consisted of 382 acres, more or less, and that the purchase price was $13,370. January 24, 1902, appellants executed a deed to the purchaser which contained the description as above and described the land as consisting of 382.78 acres, more or less, according to the government survey; the consideration being $13,397. Thereafter respondent discovered that the premises did not contain more than 338 acres, and, claiming the purchase was made upon the representation of the owners that it consisted of 382¾ acres, he brought this action to recover the amount of the difference, 43.92 acres, at the purchase price of $35 per acre. At the trial it was conceded that the premises contained only 338 acres, and the court submitted the case to the jury to determine whether or not fraudulent representations had been made by the owners as to the amount of acreage, and whether respondent relied upon such representations. The jury returned a verdict for appellants, and upon motion of respondent the court granted a new trial, for the reason that the evidence was not sufficient to justify the verdict; and the question is: Did the court abuse its discretion?

Under the rule of Hicks v. Stone, 13 Minn. 398 (434), the order must be affirmed, unless the evidence is manifestly and palpably in support of the verdict. The land was irregular in form, and three of the tracts were triangular. Evidence was introduced indicating that the lines had been a subject of litigation or dispute for a long time, and that it was the common talk and understanding in the neighborhood that there was a decided shortage in the government description of appellants' farm. Respondent, a prospective purchaser, came into the

neighborhood and applied to a land agent for information concerning farms for sale in that vicinity. Appellants had no communication with respondent at all with reference to the sale of the land, but the matter was attended to entirely by the agent. Merbach testified that he had listed the land with the agent to be sold for whatever acreage "the papers called for"; that he did not tell the agent the land was short, but did say that it might be. The agent testified that the owners had listed the land with him at about 380 acres; that he had sold the land to respondent at $35 an acre on the basis of 382 acres. Respondent testified that the agent had shown him the land as consisting of five 80's, but upon looking up the papers he said there were only 382 and a fraction acres, which statement he accepted as true, and purchased it at $35 an acre. Such being the evidence with reference to the issue submitted, it is clear that the court was within the exercise of reasonable discretion in ordering a new trial.

There is no question here as to the agent's authority, and whatever statements he made as to the acreage bound his principal. Respondent's right to recover is not limited by the fact that in the earnest money contract, and in the deed, the premises were described as containing 382 acres, more or less. The basis of this action is that the owners, through their agent, fraudulently represented the amount of acreage to be 382 acres, when in fact it was about 44 acres less. Considering the character of the premises, respondent was not called upon to ascertain for himself the exact amount of acreage, and under the circumstances was justified in relying upon those representations. Stearns v. Kennedy, 94 Minn. 439, 103 N. W. 212.

Order affirmed.