ULYSSES G. McELRATH and Another v. ELECTRIC INVESTMENTS COMPANY.[1]

May 19, 1911.

Nos. 17,009—(108).

**False representations.**

> False representations, known to be false, that certain events will be brought about in the future, if intended to create the belief that it was the then intention to bring them about, and be so understood and relied upon, may be made the basis of an action for fraud and deceit.

**Complaint sufficient.**

> Allegations of the complaint construed, and *held*, in part, to state a cause of action.

Action in the district court for Hennepin county to recover $3,780 for fraudulent statements alleged to have been made for the purpose of inducing plaintiffs to enter into a lease of certain property. From an order, Dickinson, J., overruling defendant's demurrer to the complaint, it appealed. Affirmed.

*Boutelle & Chase* and *R. T. Boardman*, for appellant.

*Jesse Van Valkenburg*, for respondents.

BROWN, J.

Appeal from an order overruling a general demurrer to plaintiffs' complaint. It appears from the complaint that the defendant was

---

[1] Reported in 131 N. W. 380.

the owner of a certain summer hotel property, including the land upon which the building was situated, and certain personal property used in connection with the operation of the hotel, situated at Antlers Park, in Dakota county. On April 15, 1909, the parties to the action entered into a contract by the terms of which defendant leased the property to plaintiffs for a term of years. The terms and conditions of the lease were fully set forth in the written contract, which was duly executed by both parties, and required of plaintiffs the payment of specified amounts semiannually, and that the hotel be conducted along certain specified lines.

The action is for damages occasioned by the alleged false and fraudulent representations made by defendant for the purpose of inducing plaintiffs to enter into the contract. The complaint alleges:

"That for the purpose of inducing said plaintiffs to enter into said contract, Exhibit A, this defendant wrongfully, falsely, and fraudulently stated and represented to these plaintiffs that Minneapolis, St. Paul, Rochester & Dubuque Electric Traction Company would complete its electric railroad, and would run electric cars over said road from the city of Minneapolis to and beyond said Antlers Park during the summer of 1909, and about July first of that year; and said defendant further stated and represented to said plaintiffs that said defendant would, during said summer of 1909 and as soon as said electric railroad should run to said Antlers Park, make of said Antlers Park and surrounding ground an important summer resort for people living at said city of Minneapolis, and further stated and represented to plaintiffs that if they would enter into said contract, Exhibit A, and undertake the running of a hotel upon said Antlers Park, as more fully set forth in said Exhibit A, they would make, through the assistance and efforts of said defendant, not less than fifteen hundred dollars ($1,500.00) per annum clear above all expenses of running and management.

"That each of said statements and representations were false and fraudulent, and made for the sole purpose of inducing said plaintiffs to enter into said contract, Exhibit A, and that said statements and representations were known to said defendant to be false at the time of making the same. That said plaintiffs believed said repre-

sentations and statements to be true, and relied thereupon, and entered into said contract, Exhibit A, solely because they believed and relied upon said statements, and not otherwise."

It also alleges that at the time the contract was entered into the defendant was the financial agent of the Minneapolis, St. Paul, Rochester & Dubuque Electric Traction Company, the officers of each company, defendant and the traction company, being the same, and had full knowledge of all the plans and purposes of the traction company; that the truthfulness or falsity of the representations was peculiarly within the knowledge of defendant; and that plaintiffs had no means of knowledge concerning the same. Other allegations show how and to what extent plaintiffs were damaged in the premises.

It is contended by defendant that the alleged false representations do not constitute a cause of action, for the reason that, when made, they had reference to the future intentions of the traction company, and were not representations of present existing facts, and, further, that the complaint contains no allegation that the electric road was not constructed and in operation according to the representations.

We are of opinion, and so hold, that the complaint, in so far as it alleges the making of false representations for the purpose of inducing plaintiffs to enter into the contract, knowing the same to be false, to the effect that the electric road would be completed and in operation by July 1, 1909, states a cause of action.

While it is true as a general rule that false representations, upon which fraud may be predicated, must be of existing facts, and cannot consist of mere promises or conjectures as to future acts or events, yet, as remarked by Judge Gilfillan in Albitz v. Minneapolis & Pac. Ry. Co., 40 Minn. 476, 42 N. W. 394, if in making the representations defendant "intended to create in plaintiffs the belief that it was, as a fact, the then intention of the" traction company to complete the road at the time represented, and "the representations might be understood and were understood by plaintiffs as asserting that fact," then a charge of fraud may be based thereon, though the represented event was to occur in the future. Upon this theory, the complaint, as against a demurrer, states a cause of action.

Hedin v. Minneapolis Medical & Surgical Institute, 62 Minn. 146, 64 N. W. 158, 35 L.R.A. 417, 54 Am. St. 628; Haarstad v. Gates, 107 Minn. 565, 119 N. W. 390; Williams v. Kerr, 152 Pa. St. 560, 25 Atl. 618.

Upon the question of the sufficiency of the other allegations of fraud, the case comes within the general rule that promises or assurances as to future events cannot be made the basis of an action of fraud. In this respect the complaint alleges that defendant represented that it would, as soon as the electric road reached Antlers Park, "make of said Antlers Park and surrounding ground an important summer resort for people living at said city of Minneapolis." This, aside from being a mere promise to do something in the future, namely, "make * * * an important summer resort," rests wholly in conjecture and speculation, depending for its accomplishment upon many facts, of which both parties had, presumptively, equal notice, and depending upon conditions over which neither had control. Whether an important or other summer resort may be established at a particular place depends in the main upon its location and the disposition of the public to make it a place of recreation or pleasure. The complaint contains no allegations that the grounds were to be improved or otherwise made adaptable as a summer resort, or, if any such improvements were necessary, that defendant failed to make them. The naked allegation is of a promise to create a particular condition in the future, a condition surrounded with known uncertainty and beyond defendant's control, and the general rule applies. The other allegations, namely, that plaintiffs would, in the conduct of the leased property, make a specified profit during the season, also rests in conjecture and opinion, and therefore is not open to the charge of actionable fraud.

The failure of the complaint specifically to allege that the electric road was not constructed according to the representations is not fatal on demurrer. The complaint does allege that the representations that the road would be constructed were false, leaving the inference, permissible as against a demurrer, that it was not so constructed.

Order affirmed.