JOHN W. OLSON and Another v. A. E. SMITH.[1]

January 12, 1912.

Nos. 17,325—(178).

**Actionable fraud — representations as to future acts.**
Representations as to intention to perform acts in the future may constitute actionable fraud, when made with the present intention not to per-

[1] Reported in 134 N. W. 117.

---

[Note] Future promise as fraud, see notes in 10 L.R.A.(N.S.) 640; 24 L.R.A. (N.S.) 735.

form such acts.  Albitz v. Minneapolis & Pacific Ry. Co. 40 Minn. 476, and McElrath v. Electric Investments Co. 114 Minn. 358, followed.

**Complaint sufficient.**

Complaint in action for damages for fraudulent representations as to intention to furnish logs for the plaintiff's sawmill, whereby they were induced to move such mill, *held* sufficient on general demurrer.

Action in the district court for Beltrami county to recover $1,264.-50.  From an order, Stanton, J., overruling defendant's demurrer to the complaint, he appealed.  Affirmed.

*G. W. Campbell* and *Fred B. Dodge,* for appellant.

*Spooner, Laybourn & Lucas,* for respondents.

PHILIP E. BROWN, J.

Appeal from an order overruling a general demurrer to the plaintiffs' complaint.

The action is one for the recovery of damages for the defendant's failure to perform certain promises alleged to have been falsely and fraudulently made by the defendant as an inducement for the plaintiffs to remove and relocate their sawmill.

The complaint alleges that the plaintiffs were owners of a sawmill in Langor, Beltrami county, and that the defendant owned property in Puposky, in said county, and was interested in building up the village; that in December, 1907, the defendant represented to the plaintiffs that it was his intention to and that he would furnish the plaintiffs one million feet of sawlogs each year for three years and pay the plaintiffs $3.50 per thousand feet for sawing them into lumber, and fifty cents per thousand feet for piling, and that to induce the plaintiffs to remove their mill the defendant stated that it was his intention to and that he would prepare and execute and have ready to be executed by the plaintiffs a written contract with the plaintiffs embodying the terms of the contract as already agreed upon; that, relying upon the said representations, the plaintiffs thereafter removed their sawmill to Puposky, rebuilt it on land designated by the defendant, and in June, 1908, completed and equipped the same for sawing logs, with a capacity of thirty thousand

feet per day; that before and after the establishment of the mill at Puposky the plaintiffs requested the defendant to prepare and execute a written contract in conformity with his representations, but that under various pretexts he put them off and has not executed any contract, and never had any intention of so doing; that later he requested the plaintiffs to accept during the first year five hundred thousand feet of logs in lieu of one million feet, which proposition was accepted, provided defendant would without delay prepare and execute the said contract; that the defendant furnished for sawing during the first year only seventy-four thousand feet of logs, and the second year only seventeen thousand five hundred feet; that the plaintiffs have performed, and have been ready and willing to perform, everything by them agreed to be done under the said agreement, but that the defendant has failed to perform the said agreement, except as stated; that the defendant's representations of his intention to deliver to the plaintiffs any quantity of logs, other than those delivered, and to enter into any written contract with the plaintiffs, were false, and intentionally made with the purpose of deceiving the plaintiffs and for their reliance, and to fraudulently induce the plaintiffs to act thereon and remove their sawmill. The complaint further sets forth that the quantity of logs brought to Puposky for sawing was so limited that the business of sawing was unprofitable. The expense of the removal of the mill is claimed as damages resulting from the defendant's alleged deceit.

The defendant contends that the statements claimed to be fraudulent were merely statements of an intention or expectation to do acts in the future, and hence that they cannot constitute actionable fraud, though there was no intention at the time of the making of such statements to perform the said acts, and that such statements were not likely or calculated to deceive or impose upon persons exercising common prudence and caution.

We hold that the contentions of the defendant cannot be sustained, and that the complaint states a cause of action. The representations stated in the complaint bring the case clearly within the principle stated in Albitz v. Minneapolis & Pacific Ry. Co. 40 Minn. 476, 42 N. W. 394, and it is not distinguishable from, but is ruled by, McEl-

rath v. Electric Investments Co., 114 Minn. 358, 131 N. W. 380. The reasons for the rule are sufficiently stated in these cases and require no further discussion.

The order overruling the demurrer to the complaint is affirmed.