# JACOB P. SCHAEFFER v. JOHN A. RUSH.[1]

June 14, 1912.

Nos. 17,509—(126).

**Fraud — complaint — evidence.**

In an action to recover money alleged to have been procured from plaintiff by fraud and fraudulent representations, it is *held*: (a) That the complaint states a cause of action; and (b) that the evidence supports the verdict for plaintiff.

**Evidence.**

The record presents no reversible error in the rulings of the court in the admission or exclusion of evidence.

**New trial — abuse of discretion.**

The court did not abuse its discretion in denying a new trial on the ground of misconduct of plaintiff's counsel.

Action in the district court for Hennepin county to recover $2,000, procured through fraudulent representations, and a second cause of action for $135, balance alleged to be due for services rendered. The substance of the complaint is given in the opinion. The answer was a general denial. The case was tried before Holt, J., who, when plaintiff rested, granted defendant's motion to dismiss as to the second cause of action, and at the close of the testimony denied defendant's motion to direct a verdict in his favor, and a jury which returned a verdict in favor of plaintiff for $2,200. From an order

[1] Reported in 136 N. W. 754.

denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*C. C. Joslyn,* for appellant.

*John F. Byers* and *S. R. Child,* for respondent.

BROWN, J.

Action to recover money alleged to have been fraudulently obtained from plaintiff, in which plaintiff had a verdict, and defendant appealed from an order denying his alternative motion for judgment notwithstanding the verdict or a new trial.

The complaint in substance alleges: That on January 24, 1910, defendant knowingly, falsely, and fraudulently represented to plaintiff that he (defendant) intended forthwith to organize or cause to be organized a corporation, with a capital stock of $35,000, for the purpose of taking over and continuing the merchant tailoring business then and theretofore conducted by defendant in the city of Minneapolis. That to induce plaintiff to subscribe for and take some of the shares of stock in the corporation when organized defendant knowingly, falsely, and fraudulently represented to plaintiff that he (defendant) possessed property and assets of the value of $23,000 over and above his liabilities, and that he would subscribe for and take all the stock of the proposed corporation which plaintiff did not take. That, relying upon these false and fraudulent representations, plaintiff, at the request of defendant, paid into the Security Bank of Minneapolis on January 24, 1910, the sum of $1,300, and on February 7, 1910, the further sum of $700, which was entered upon the books of the bank to the credit of "John A. Rush Co." the name of the proposed corporation. That said defendant had not at the time property or assets of the value of $23,000, or of any other value greater than $5,000, over and above his debts and liabilities, and that he wholly failed to organize or cause to be organized the said corporation, and that subsequent to the deposit of plaintiff's said money in said bank defendant fraudulently withdrew the same and appropriated it to his own use. That plaintiff demanded the payment of the money, and that no part thereof has been repaid.

Wherefore plaintiff demanded judgment for $2,000 and interest from the date the money was paid out.

1. At the opening of the trial defendant objected to the admission of any evidence on the part of plaintiff, on the ground that the complaint failed to state a cause of action. The objection was overruled, and the ruling is assigned as error.

While the complaint is not so complete as it might have been made in an action of the kind, we regard it as sufficient as against an objection first made at the trial. The allegation with respect to defendant's representations that he would forthwith organize a corporation for the purpose of conducting defendant's tailoring business was sufficient to admit evidence tending to show that defendant intended to lead plaintiff to believe that it was his then intention to form such a corporation, thus bringing the case within the rule laid down in McElrath v. Electric Investments Co. 114 Minn. 361, 131 N. W. 380. This view of the complaint, coupled with the allegations of fraudulent representations respecting defendant's financial condition, took the case out of the rule that no action will lie for mere promises or conjectures as to future acts or events. We hold the complaint sufficient as against the objection made at the trial.

2. It is further contended that the evidence wholly failed to make a case of fraud or fraudulent representations, and that the court erred in not directing a verdict for defendant. In this we do not concur.

The evidence tends to show, and justify the jury in finding, that defendant had for some time prior to the transaction here in question and was then engaged in business as a merchant tailor, operating two places of business in the city of Minneapolis; that he was in need of money, and sought to obtain help in that direction from plaintiff; that he introduced to plaintiff the subject of forming a corporation, and represented that he had a prosperous business, which was growing in volume, and which he would turn over to the corporation. While he did not, perhaps, use the word "prosperous," he did say that he had a "big business" and that it was increasing. He further made representations respecting his financial condition, which were not true.

It further tends to show that plaintiff, a young man twenty-eight

years old, not claimed to have had any business experience, other than as an exchange clerk in one of the Minneapolis banks, was induced to part with his money on the strength of and in reliance upon these representations. Under the direction of defendant, he deposited the sum of $1,300 to the credit of the proposed corporation in one of the Minneapolis banks, subject to the check of defendant as an officer of the corporation, and subsequently deposited in the same bank to the same account the further sum of $700.

The jury were also justified in finding that defendant had no intention of forming a corporation, and that his representations that he would do so were untrue, and made for the purpose of inducing plaintiff to part with his money, and, further, that within a month after the money was so deposited defendant withdrew the whole thereof and applied the same to his own use, after which the account at the bank was closed. In furtherance of his plans and in aid of his fraudulent scheme, defendant put plaintiff to work in one of his tailoring establishments at an agreed compensation of $160 per month, $40 to be paid in cash, and the balance applied upon plaintiff's stock subscription. This situation continued for three months or more; plaintiff frequently requesting the formation of the corporation, which defendant neglected.

The jury were also justified in finding that defendant's business was not prosperous, but, on the contrary, barely upon a paying basis, and that defendant's financial condition was greatly overstated.

Plaintiff finally demanded a return of his money, and it was refused. He commenced this action on April 20, 1910. When the demand for a return of the money was made, defendant caused steps to be taken looking to the organization of the corporation, and completed the same after the commencement of the action. He thereafter tendered to plaintiff the stock agreed to be issued to him, which plaintiff then refused to accept. Though the evidence offered by defendant directly, in some important respects, contradicted that offered by plaintiff, the force and effect thereof was for the consideration of the jury.

We are satisfied from the whole record that the jury was fully justified in accepting the testimony of plaintiff, and that their verdict

118 M.—12.

is supported by sufficient competent evidence. A fraud entitling plaintiff to a return of his money was sufficiently shown. Plaintiff had the right to rely upon the representations made to him by defendant, and if he was deceived thereby, as the verdict affirms, his right to recovery is clear. Pott v. Hanson, 109 Minn. 416, 124 N. W. 17; Busterud v. Farrington, 36 Minn. 320, 31 N. W. 360.

3. We have fully considered all the assignments of error challenging the rulings of the court on the trial, and discover no error of a character to justify a reversal. The testimony of plaintiff that the first payment of money, $1,300, was deposited in the bank in the name of John A. Rush Company, the name of the proposed corporation, was competent and proper, and not mere opinion evidence.

It was also proper for plaintiff to state that he would not have made the subsequent payment of $700, had not defendant told him that it was to be deposited with the other money in the name of the corporation. It sufficiently appeared that plaintiff so understood.

Nor was there error in the admission of the deposit slip, disclosing the amount of the first deposit and the name of the depositor, John A. Rush Company. That document was prepared at the time the deposit was made, and tended to corroborate plaintiff's theory of the case.

The other alleged errors do not require special mention. We have examined all of them, with the result stated, namely, that no reversible error is shown.

5. The motion for a new trial on the ground of misconduct of plaintiff's counsel was addressed to the sound discretion of the trial court. No abuse of discretion is shown.

Order affirmed.

HOLT, J., having tried the action below, took no part.