HARRY SMITH v. J. J. VOSIKA.[1]

April 17, 1925.

No. 24,506.

**When broken promise may be, and when it is not, actionable fraud.**

1. A broken promise, with nothing more, does not establish a cause of action for fraud, but a promise made with the intention of not keeping it, for the purpose of deceiving another and obtaining his property or inducing a contract, may constitute actionable fraud.

**When allegation of intention not to perform is unnecessary.**

2. It is not essential that there be a direct allegation of an intention not to perform. It is enough if such fact is fairly implied or inferred from the complaint.

1. See Fraud, 26 C. J. p. 1087, § 25; p. 1095, § 26.
2. See Fraud, 27 C. J. p. 35, § 153.

Action in the district court for Renville county to recover for fraud. Plaintiff appealed from an order, Baker, J., sustaining defendant's demurrer to the complaint. Reversed.

*Lindquist & Nordstrom* and *Murray & Baker,* for appellant.

*L. J. Lauerman* and *Daly & Barnard,* for respondent.

[1]Reported in 203 N. W. 428.

DIBELL, J.

Action to recover damages for fraud. The demurrer to the complaint was sustained and the plaintiff appeals. The defendant, a real estate broker, induced the plaintiff, so the complaint alleges, to enter into a contract to purchase land upon a fraudulent promise to sell it for him at an advance within a stated time, and did not fulfil his promise.

1. A broken promise, with nothing more, does not constitute actionable fraud; but a promise made with the intention of not keeping it, for the purpose of deceiving and defrauding another and thereby getting his money or property, or inducing him to execute a contract, may constitute fraud. Roman v. Lorence, 162 Minn. 198, 202 N. W. 707, and cases cited; Dun. Dig. § 3827, and cases cited.

2. The complaint alleges that the defendant, a real estate agent, to induce the plaintiff to enter into a contract for the purchase of land "did fraudulently and falsely represent and agree" that he would resell the same for the plaintiff at a profit of $1,600; that the plaintiff believed the representations and was induced by them to enter into the contract; that he paid $1,000 in cash; that the defendant knew that the plaintiff would be unable to carry out the contract with his vendor unless he resold; that the defendant did not resell; that the vendor was about to cancel the contract; that thereafter the defendant induced the plaintiff to make a new contract and pay an additional $1,500 in cash by fraudulently representing that he would resell the land in the season of 1920 so as to net him a profit of $35 per acre over the price fixed by the first agreement; that the plaintiff believed and relied upon such representations and thought them true; that he was induced thereby, as was intended by the defendant, to enter into such contract; that he paid $1,500 in cash; that the defendant knew that he would be unable to carry out the contract with his vendor unless he resold; that the defendant did not resell as he promised; and that the plaintiff was unable to carry out his agreement with his vendor and lost the land for which he had contracted.

A present intention not to keep the promise and so to deceive is essential to the cause of action. An assurance or promise, though

unfulfilled, is not enough. It is not necessary however that the allegation as to intent be direct. It is enough if the intention not to keep the promise and so to deceive is implied or inferred reasonably from the allegations of fraud. This was in effect held in the following cases where the sufficiency of the complaint was attacked. Albitz v. M. & P. Ry. Co. 40 Minn. 476, 42 N. W. 394; McElrath v. Electric Inv. Co. 114 Minn. 358, 131 N. W. 380; Olson v. Smith, 116 Minn. 430, 134 N. W. 117; Schaeffer v. Rush, 118 Minn. 174, 136 N. W. 754. In Hodsden v. Hodsden, 69 Minn. 486, 72 N. W. 562, a demurrer to the complaint was sustained upon the ground that it did not sufficiently allege that there was not an intention to keep the broken promise. The opinion does not clearly show the precise allegations of the complaint. The complaint before us comes fairly within the cases first cited. From the allegations that the promises were falsely and fraudulently made to deceive the plaintiff, and to induce the making of the contract, it may be implied or inferred that it was intended by the defendant to induce the belief that as a fact he would sell as he promised and that his promise was made fraudulently without the intention of keeping it. Upon the question of pleading it is not necessary to go beyond our decisions, but we have found Sallies v. Johnson, 85 Conn. 77, 81, 81 Atl. 974, Ann. Cas. 1913A, 386, valuable.

We go no farther than a holding that the complaint is good as a pleading. It must be understood that a breach of a contract does not of itself constitute fraud. In cases such as this as in cases of sales the law tolerates boasting which is not necessarily to be taken seriously—hopeful talk of what is likely to occur and what profits may result—but not intended and not understood as serious representations of a present fact. The defendant may have used all the words which it is claimed he used and still not be liable for fraud. The question of liability may be one of fact or one of law when the evidence is in.

It is not out of place to say, though it cannot affect the ruling here, that we do not see a ground of recovery of the amount of damages claimed, though the facts pleaded should be found all true.

The plaintiff relies wholly upon fraud and disclaims a cause of action based on contract.

Order reversed.