# E. M. CARNEY v. FARMERS & MERCHANTS STATE BANK OF DeGRAFF AND OTHERS.[1]

December 20, 1935.

No. 30,445.

*Lauerman & Pfeiffer,* for appellant.
*Daly & Barnard* and *John I. Davis,* for respondents.

DEVANEY, CHIEF JUSTICE.
Appeal from an order denying plaintiff a new trial.

[1]Reported in 263 N. W. 901.

The defendant Farmers & Merchants State Bank of DeGraff, a Minnesota corporation, was engaged in the general banking business in Swift county, Minnesota. The defendants Francis J. McQuaid, James J. Welsh, George M. McCarthy, Pat Brennan, James E. McQuaid, J. B. McQuaid, Francis E. McQuaid, and Henry Larson were the directors and the active officers and agents of the bank.

In May, 1929, plaintiff had on deposit in defendant bank, represented by a certificate of deposit, the sum of $1,987.17. On May 4, 1929, defendants held a meeting at the DeGraff bank. One Joe Thornton, a representative of the Swift County Bank of Benson, Minnesota, was also present. Prior to this time negotiations had been carried on to transfer the assets of the DeGraff bank to the Swift county bank, and this meeting was in furtherance of that plan. One of the necessary steps in this project was the waiver of deposits by various depositors of the DeGraff bank, among whom was the plaintiff. At the time of meeting or shortly thereafter, the representative of the Swift county bank, Joe Thornton, called the plaintiff on the telephone, and in response to this call plaintiff came to the DeGraff bank, accompanied by his wife, at which time the defendants were also meeting and present in the bank.

Plaintiff was met by Thornton and apparently spoke no word to anyone in the bank except Thornton until after he had transacted his business and had signed a waiver of his deposit, after being assured by Thornton that he would receive payment in full. It appears that the Swift county bank assumed the liabilities of the DeGraff bank, but that plaintiff was not paid any part of the amount of his deposit.

Approximately two years after this transaction plaintiff commenced this action in fraud and deceit against defendants, alleging various misrepresentations claimed to have been made by Thornton as their agent and asking as damages the amount of the deposit.

The cause came to trial, and after hearing the testimony of the plaintiff the trial court granted defendants' motion for a dismissal of the action on the ground that plaintiff had failed to establish

a case of either fraud or damage, and denied plaintiff's motion for a new trial. Plaintiff appeals from the order denying a new trial.

Only one question need be considered: Was the evidence of fraud sufficient to entitle plaintiff to have his case submitted to the jury?

It is elementary that to succeed in an action of fraud and deceit plaintiff must show an actual misrepresentation of fact which directly induced him to waive his deposit.

It appears in the record that Thornton assured plaintiff that he would be paid in full if he would sign the waiver. There is no showing that it was not the intent of all parties that plaintiff should receive payment. At best, these statements constitute but promises and, in the absence of any showing of fraudulent intent at the time of the making thereof, cannot be used as a basis for an action in deceit. A breach of a promise, with nothing more, does not constitute fraud. McCreight v. Davey Tree Expert Co. 191 Minn. 489, 254 N. W. 623; Smith v. Vosika, 163 Minn. 12, 203 N. W. 428; Roman v. Lorence, 162 Minn. 198, 202 N. W. 707; Guy T. Bisbee Co. v. Granite City Inv. Corp. 159 Minn. 238, 199 N. W. 14; Nelson v. Berkner, 139 Minn. 301, 166 N. W. 347. The element of misrepresentation of fact is lacking. This also applies to the statement made by Thornton to the effect that the transfer of assets from the DeGraff bank to the Swift county bank would make possible better service to the people of the community. There is no showing that Thornton or any of the defendants believed otherwise.

We have searched the record carefully, and the only testimony tending to substantiate the allegations of fraud are statements made by Thornton as to the value of the assets of the DeGraff bank and as to the number of depositors who had already signed waivers similar in kind to that signed by plaintiff. The statement as to the value of the assets was testified to by plaintiff, who said that Thornton told him "the assets of the bank was around $350,000." It appears that the assets were in fact considerably less than that amount. This testimony is not corroborated by the plaintiff's wife, who was present at the time of the transaction and took part in it. It also appears from the testimony of plaintiff that Thornton

told him that all the other depositors had signed waivers. This claim of plaintiff is in part corroborated by the testimony of his wife. There is also some evidence that one other depositor had not been asked to waive, but the testimony is not clear or convincing on that point. There is in the record no other evidence to substantiate the allegation of fraud.

We are not able to say that the trial court erred in dismissing plaintiff's action. The evidence of fraud is at best uncertain and hazy. Plaintiff is not entitled to have his case submitted to the jury with but a scintilla of evidence to support his allegations. The evidence must be such that a reasonable man could reach a conclusion in his favor. Otherwise a verdict in his favor cannot stand, and it is not error to dismiss the action or to direct a verdict in favor of the opposing party. Martin v. Courtney, 87 Minn. 197, 91 N. W. 487; Scheiber v. C. St. P. M. & O. Ry. Co. 61 Minn. 499, 63 N. W. 1034; Briggs v. Minneapolis St. Ry. Co. 52 Minn. 36, 53 N. W. 1019. Where the evidence is slight, the trial court who hears the testimony can best say whether it is sufficient to support a verdict. In this case the trial court has found it insufficient. From a reading of the record we cannot say that the court acted arbitrarily in dismissing the action and denying plaintiff a new trial.

In view of our decision, it is unnecessary to consider whether the evidence of damage was sufficient.

The order of the trial court must be affirmed.

So ordered.