[S. F. No. 3102.  Department Two.—December 31, 1904.]

## FOUR OIL COMPANY, Appellant, v. UNITED OIL PRO-DUCERS et al., Respondents.

CONTRACTS—LETTERS—PROPOSAL—QUALIFIED ASSENT.—In order to constitute a binding contract by letters there must be a proposal squarely assented to. A qualified acceptance is a rejection of the proposal, and is a new proposal, and if the new proposal is not accepted no contract is constituted.

ID.—SALE OF OIL—ACTION FOR BREACH OF CONTRACT—EVIDENCE—INADMISSIBLE LETTERS.—In an action for breach of an alleged contract to purchase oil, letters containing merely a proposal by plaintiff to sell the oil on specified terms, and a qualified acceptance of the terms by the defendant, adding a material new term, that the proposed quality of the oil must be at a fixed temperature, were properly excluded from evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

W. F. Williamson, Livingston Jenks, and J. A. Elston, for Appellant.

Weil & Lippitt, and James G. Maguire, for Respondents.

HENSHAW, J.—Plaintiff sued defendant corporation and its stockholders, seeking a recovery for alleged breach of contract for the purchase of oil. Upon trial plaintiff sought to prove the contract by the introduction in evidence of the following letters:—

"San Francisco, Cal., Dec. 19, 1900.

"United Oil Producers, Phelan Bldg.—Gentlemen: We beg to offer you crude petroleum of a guaranteed gravity of not less than 15 at the rate of 2 cars per day, as a minimum, to 3 cars, as a maximum, for one year from February 1st, 1901, to February 1st, 1902, at the price of 52½c, f. o. b., Bakersfield. In case this offer meets with your acceptance and you desire to include January next within the contract, we shall be pleased to supply you during that month at the same rate and at the same terms. Yours truly,

"Four Oil Company,
"Charles Musaus, Secty."

"San Francisco, Dec. 20, 1900.

"Number Four Oil Company, Mills Bldg., City.—Gentlemen: Replying to your favor of the 19th inst., would say that we accept your proposition therein contained for fuel oil for one year at 52½ cents, f. o. b., Bakersfield, on 2 cars per day minimum, and 3 cars per day maximum. The gravity of the oil to be 15 degrees Beaume, as you state, but we wish this distinctly understood under this agreement to be 15 degrees Beaume at a temperature of 60 degrees Fahrenheit. We presume that all oil will be of this grade, as it has been thus far, but we do not wish any oil below that gravity at that temperature. Yours truly,

"United Oil Producers,
"By Shafter Howard, Secretary."

It accompanied its offer with an additional offer to prove the meaning of certain technical terms and abbreviations understood by the parties. The court sustained defendants' objection to the introduction in evidence of the letters, and judgment followed for the defendants, from which plaintiff appeals.

The rules for determining whether or not a proposal and acceptance constitute a binding contract are well settled, and by this court have been expressed in the following language: "To constitute a binding contract made in this form [letters] there must be a proposal squarely assented to. If the acceptance be not unqualified, or go not to the actual thing proposed, then there is no binding contract. (1 Wharton on Contracts, sec. 4.) A proposal to accept, or an acceptance based upon

terms varying from those offered, is a rejection of the offer. (*National Bank* v. *Hall,* 101 U. S. 43, 51.) An offer imposes no obligation, unless it is accepted upon the terms upon which it was made. (*Tilley* v. *County of Cook,* 103 U. S. 161.) An acceptance must be absolute and unqualified. A qualified acceptance is a new proposal. (Civ. Code, sec. 1585.)'' (*Wristen* v. *Bowles,* 82 Cal. 84. See, also, *Yore* v. *Bankers, etc. Assn.,* 88 Cal. 609.) Under these principles of law it is clear that the court's ruling was correct and that the minds of the parties had not met in the creation of a legal obligation, and this for the reason that the acceptance of the defendant was conditional and imported into the contract a term not found in the original proposal and one requiring the assent of the plaintiff before either could be bound. This term is found in the following sentence: ''But we wish this distinctly understood under this agreement to be 15 degrees Beaume at a temperature of 60 degrees Fahrenheit.'' The original proposition contained no limitation upon the temperature at which gravity was to be determined. That the matter of temperature was regarded as of importance is not only shown by the condition expressed in respondent's answer, but is further shown by a copy of another contract made by plaintiff where it is specified that the gravity shall be determined at a temperature of seventy degrees Fahrenheit. Plaintiff having failed to prove its acceptance of the new condition imposed by defendant's letter, it follows that the acceptance was not absolute and unqualified, but was conditional, amounting to a new proposal upon the part of the defendants, to which the plaintiff never assented. There was thus no completed contract between the parties, and the judgment appealed from is therefore affirmed.

McFarland, J., and Lorigan, J., concurred.

Hearing in Bank denied.