[No. 64.   Third Appellate District.—October 14, 1905.]

## PHILIP WOLF & CO., Appellants, v. KING & STARRETT, Respondents.

CONTRACTS—LETTERS—PROPOSAL AND CONSENT—QUESTION OF LAW.— It is a question of law for the court whether letters constitute a contract between the parties. In order to constitute a binding contract thereby there must be a proposal squarely assented to by an unqualified acceptance. A qualified acceptance, varying in terms from those proposed, is a rejection of the proposal, and constitutes a new proposal; and there is no contract where there is a lack of mutual consent by agreement "upon the same thing in the same sense."

APPEAL from a judgment of the Superior Court of Sonoma County and from an order denying a new trial. A. G. Burnett, Judge.

The facts are stated in the opinion of the court.

A. Heynemann, and W. F. Cowan, for Appellants.

Butts & Weske, for Respondents.

CHIPMAN, P. J.—Action to recover damages for the breach of an alleged contract for the sale of hops by defendants to plaintiffs. The court found that no contract was entered into between the parties, as alleged in the complaint,

or at all, and defendants had judgment. Plaintiffs appeal from the judgment and from the order denying their motion for a new trial.

The judgment of this court entered on September 30, 1905, was vacated and set aside for the reasons that, upon suggestion of diminution of the record made before submission of the cause, but not called to the attention of the court when the opinion was being written, the notice of intention to move for a new trial was shown to have been duly served, the motion for a new trial duly heard and denied by the court, and that the appeal was taken within sixty days after judgment was rendered. It therefore becomes unnecessary to consider the points made by respondent based upon the nonappearance of the foregoing facts.

The sole question in the case is, as suggested by appellants in their reply brief (now before this court, but which was not in the record when cause was submitted on the August calendar of this court, although claimed by appellants to have been filed with the supreme court on April 4, 1905): Did the correspondence between the parties constitute a contract?

On May 22, 1903, plaintiffs wrote defendants (who are hop-growers) offering fifteen cents per pound for twenty thousand pounds of hops in advance of the harvest. On May 28th defendants replied, saying among other things not material: "We have concluded to accept your offer, provided you will put up one thousand dollars cash inside of thirty days, without interest, and the balance when the hops are in bale." On May 29th plaintiffs replied: "We have your favor of yesterday and now note that you accept our offer of 15c for 20,000 pounds of your coming crop, and for which inclose contracts which sign and return one of them to us. This is the same form of agreement signed by the various Santa Rosa growers when [*whom* is doubtless meant] we have contracted with. As to the freight, will arrange the same as we did with our last purchase. The $1,000 is ready whenever and how you may want it, and free from interest." On June 2d one of the defendants replied: "The contract does not suit Mr. Starrett [the other defendant]. He will be down in a week or ten days and arrange matters with you." Mr. Starrett called at plaintiffs' office on July 2d and talked the mat-

ter over with plaintiffs, but no agreement was reached then or at any other time, except as may be derived from the above correspondence.

In the case of *Wristen* v. *Bowles,* 82 Cal. 84, [22 Pac. 1136], the court dealt with the principles governing contracts entered into by correspondence. Briefly summarized, these principles are: That it is for the court to determine whether letters which have passed between parties constitute an agreement between them; that to constitute a binding contract made in this form there must be a proposal squarely assented to; if the acceptance be not unqualified, or go to the actual thing proposed, there is no binding contract; that a proposal to accept, or an acceptance based upon terms varying from those offered, is a rejection of the offer; that an offer imposes no obligation unless accepted upon the terms proposed and the acceptance must be absolute and unqualified, for, if qualified, it is a new proposal. (See, also, *Pacific etc. Co.* v. *Riverside etc. Ry. Co.,* 90 Cal. 627, [27 Pac. 525]; *Harney* v. *Duffey,* 99 Cal. 401, [33 Pac. 897]; *Niles* v. *Hancock,* 140 Cal. 157, [73 Pac. 840]; *Four Oil Co.* v. *United Oil Producers,* 145 Cal. 623, [79 Pac. 366]; Civ. Code, sec. 1580.)

Guided by the principles above set forth, it is quite clear to our minds that the consent of the parties to the same subject-matter in the same sense is not shown by the correspondence. In replying to plaintiffs' letter of May 22d, defendants did not submit an absolute and unequivocal acceptance, but coupled it with a new condition. Plaintiffs responded by accepting the condition, but in turn coupled their acceptance with what we think must have been intended as a still further condition, namely, that defendants execute the contract inclosed with plaintiffs' letter of acceptance, which bore plaintiffs' signature. Plaintiffs by their language indicated that they accepted defendants' offer on condition that they execute the contract inclosed, and that defendants so understood the acceptance is shown by the letter of June 2d, written by one of the defendants to plaintiffs. The contract sent by plaintiffs to defendants for their execution contained conditions other than those mentioned in the correspondence, and, considered as part of plaintiffs' acceptance, constituted a new proposal to which it is not pretended that defendants ever consented. There was then no contract, for

lack of mutual consent by agreement "upon the same thing in the same sense." (Civ. Code, sec. 1580.)

The judgment and order are affirmed.

McLaughlin, J., and Buckles, J., concurred.