[L. A. No. 2718. Department One.—November 23, 1911.]

JACOB RHEINGANS, Respondent, v. OSCAR B. SMITH, Appellant; E. L. HOPPER AND SON, Intervener and Respondent.

FRAUD—CONTRACT FOR SALE OF LAND—STATEMENT AS TO LAW—FACTS KNOWN TO BOTH PARTIES.—Where the parties to a contract for the sale of land do not occupy confidential relations to each other, one of them cannot predicate fraud on a statement of the other as to the law applicable to facts equally well known to both of them.

ID.—ABSENCE OF CONFIDENTIAL RELATIONS—STATEMENT AS TO EXPIRATION OF PREVIOUS OPTION TO PURCHASE.—A vendor under a contract for the sale of land, not occupying any confidential relation with the vendee, cannot predicate fraud upon a statement of the latter as to the time when an option for the sale of the land, previously given by the vendor to a third party, would expire, when the facts affecting such option are equally known to both parties. Such statement is a mere opinion on a question of law.

ID.—PROMISE MADE WITHOUT INTENTION OF PERFORMANCE.—The mere making of a promise which the promisor afterwards fails or refuses to perform does not constitute actionable fraud. In the absence of confidential relations between the parties, it is only when such

promise is made without any intention of performing it that it becomes fraudulent in law or equity.

ID.—PLEADING—FRAUDULENT REPRESENTATIONS SPECIFICALLY ALLEGED—PROOF OF DIFFERENT CAUSES OF ACTION WILL NOT SUSTAIN JUDGMENT.—In an action by the vendor to cancel a contract for the sale of land for specifically alleged fraudulent representations of the vendee, which are not sustained by the evidence, the vendor cannot have a judgment in his favor affirmed on appeal, either because the evidence showed a fraudulent intent on the part of the vendee not to perform a promise made by him at the time the contract was executed, or that he was estopped to assert his rights under the contract, if there was nothing had at the trial showing that the plaintiff relied on either of such theories and the complaint contained no averments on which they could be based.

ID.—ACCEPTANCE OF OPTION—SUBSEQUENT AGREEMENT FOR MODIFICATION—EFFECT ON SUBSEQUENT CONTRACT FOR SALE.—Where an option for the purchase of land is accepted by the vendee without qualification, it becomes at once a binding contract, and the subsequent agreement by the parties thereto for slight modifications as to its terms would not be a defense in favor of a second vendee in an action by the vendor to cancel his subsequent contract of purchase on the ground of fraud.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Valentine & Newby, for Appellant.

Haas, Garrett & Dunnigan, for Plaintiff and Respondent.

John D. Pope, and Bert Campbell, for Intervener.

SHAW, J.—The defendant appeals from the judgment and from an order denying a new trial.

The plaintiff sues to cancel a contract executed by him to the defendant, and to quiet his title against all claims of said defendant under said contract. The contract was made on November 29, 1909. It was signed by both parties. Rheingans thereby agreed to sell to Smith a certain tract of land for $156,500, of which $1,000 was then paid by check. $4,000 was to be paid on completion of title to the land, $31,500 in six months, $60,000 on June 1, 1913, and $60,000 on June

1, 1914. It is alleged that Smith induced Rheingans to execute the contract by fraud. The court below made findings to that effect, and gave judgment accordingly, for the relief prayed for. In support of his appeal Smith insists that neither the evidence nor the facts alleged support the charge of fraud.

The facts alleged as constituting the fraud complained of are as follows: Rheingans, being the owner in fee of the land, had given to the intervener, E. L. Hopper & Son, a corporation, an option, in writing, to buy the land at the price of $155,975, to be exercised within ninety days from its date, which was September 1, 1909. One third of the price was to be paid on the execution of a deed, and the balance in five equal annual payments at seven per cent interest. Smith knew of this option and all its terms. It expired, as must be observed, on November 30, 1909. On November 29, 1909, Smith represented to Rheingans that this option had expired on September 28, 1909, and that Rheingans was then free to sell the land to Smith. Rheingans then declared that he would not sell to Smith unless the Hopper option had expired, or was not accepted. Smith thereupon further represented that if Rheingans would execute the contract to sell to him and the option had not so expired and Hopper & Son should exercise the right within the time actually limited, he, Smith, would regard the agreement between himself and Rheingans as ineffective and would cancel the same and return it to Rheingans. Rheingans was not sufficiently conversant with the English language to fully understand the meaning of the phrase "within ninety days from the date hereof." He believed said representations of Smith that the option had expired, and relying thereon and also upon the promise of Smith to cancel the contract if his statement was wrong and the option was duly exercised by Hopper & Son, he then and there executed the contract now sought to be canceled, and accepted Smith's check for one thousand dollars thereon. The complaint alleges that it was executed on the thirtieth, but the contract itself and the undisputed evidence shows that it was executed on the twenty-ninth. On November 30th, Hopper & Son, in writing, accepted the option, and thereupon Rheingans made an agreement to sell the land to that corporation. A few weeks afterward this suit was begun. The findings are substantially the same as the allegations.

Without considering the sufficiency of the facts, as charged, to constitute fraud, and proceeding to the evidence, we think it is clearly insufficient to show legal fraud in the false representation charged.

Smith and Rheingans did not occupy confidential relations to each other. One was the seller, the other the buyer, and they dealt as strangers. Rheingans, therefore, had no inducement, or right, to rely on the statements of Smith, except as to the facts of which Rheingans was ignorant, and which he had reason to believe Smith knew and except, possibly, as to the law based on facts of which he had reason to believe Smith's knowledge was greater than his own. He could not predicate fraud on a statement by Smith as to the law applicable to facts equally well known to both of them.

Rheingans had a duplicate copy of the option to Hopper & Son. At the interview on the evening of November 29th, when the contract in question was made, Rheingans said that the option ran out on the evening of November 30th. Smith said, "It will run out to-night." Rheingans then got his copy of the option agreement and showed it to Smith, who then said, "It will run out to-night at twelve o'clock." Rheingans said, "I don't believe it." Smith then proposed the plan of taking an agreement and cancelling it if Hopper & Son took the land the next day upon the option. Rheingans consented, signed the agreement with Smith, and accepted Smith's check for one thousand dollars thereon. This is Rheingan's version of the transaction and it is not contradicted. There was no claim by Rheingans to Smith, nor upon the trial, that he was not entirely familiar with the language of the option, or that he did not understand its meaning. It is plain from this evidence of Rheingans, himself, that he did not credit Smith's statement as to the time the option expired, and did not rely on it. And even if he had believed it and relied on it, the statement of Smith was a mere opinion, an opinion on a question of law based on facts known to both alike. Such an opinion by one occupying no confidential relation toward the person to whom it is addressed does not justify such person in relying upon it, and it is not a sufficient basis to support a charge of fraudulent misrepresentation. (*Choate* v. *Hyde,* 129 Cal. 584, [62 Pac. 118]; *Rendell* v. *Scott,* 70 Cal. 514, [11 Pac. 779]; *Nounnan* v. *Sutter etc. Co.,* 81 Cal. 6, [6 L. R. A.

219, 22 Pac. 515]; *See* v. *McClelland,* 120 Cal. 147, [52 Pac. 300]; 20 Cyc. 17; 14 Am. & Eng. Ency. of Law, 34.)

The promise of Smith to cancel his agreement, if the option of Hopper & Son was taken up, appears to have been the inducement upon which Rheingans relied in making the agreement with Smith. The mere making of a promise which the promisor afterwards fails or refuses to perform does not constitute actionable fraud. (20 Cyc. 20; 14 Am. & Eng. Ency. of Law, 47; *Lawrence* v. *Gayetty,* 78 Cal. 131, [12 Am. St. Rep. 29, 20 Pac. 382].) In the absence of confidential relations between the parties it is only when such promise is made without any intention of performing it that it becomes fraudulent in law or equity. (Civ. Code, sec. 1572; *Lawrence* v. *Gayetty, supra; Brison* v. *Brison,* 75 Cal. 527, [7 Am. St. Rep. 189, 17 Pac. 689]; *Langley* v. *Rodriguez,* 122 Cal. 581, [68 Am. St. Rep. 70, 55 Pac. 406].) Smith, in his testimony, admitted that he knew all the time that the option did not expire until November 30th, and there is some evidence tending to support the inference that when he made the promise to cancel his own agreement he intended not to perform it. But there is no averment regarding such intent, nor any finding upon it, and the record shows that this species of fraud was not suggested during the trial and that the case was not tried upon the theory that such fraud was the basis of the action. The briefs on this appeal contain no reference to such fraud. In such circumstances we must adhere to the rule that a party is required to prove the case as alleged, and cannot recover upon proof of other facts not alleged, which might entitle him to the relief asked. If such fraud is relied on it can only be done upon a new trial under an amended complaint.

It has occurred to the court that the defendant might be held to be estopped to assert rights under his contract, upon the principles stated in *Seymour* v. *Oelrichs,* 156 Cal. 794, [134 Am. St. Rep. 154, 106 Pac. 88]. But here again we are confronted with the fact that neither in the pleadings, nor upon the trial in the court below, nor upon this appeal, has there been any suggestion to that effect, and the rule just stated forbids an affirmance on such new grounds.

As the case is to be remanded for a new trial and there may be amended pleadings, it is necessary to state our views upon another point. When Hopper & Son accepted the option with-

out qualification it became at once a binding contract, enforceable by that company. (Civ. Code, sec. 1585; *Four Oil Co.* v. *United O. P.*, 145 Cal. 624, [68 L. R. A. 226, 79 Pac. 366];. 29 Am. & Eng. Ency. of Law, 601.) If the contract of Smith with Rheingans is found to be fraudulent, the mere fact that Hopper & Son, after accepting their option, agreed with Rheingans upon slightly different terms of payment and a lower rate of interest upon the deferred payment, would be no defense in favor of Smith to the action to set aside his contract for the fraud. What effect it would have if his contract is not found to be fraudulent and his right to relief upon his cross-complaint to enforce it becomes important, is a question which, upon the record and agreement before us, we think it best not to consider.

The judgment and order are reversed.

Angellotti, J., and Sloss, J., concurred.