THE COURT.
 

 This is an appeal by plaintiffs from a judgment for defendant in an action for declaratory relief and damages. A motion by defendant to dismiss the appeal was filed, and the cause thereafter placed on the ready for submission docket.
 

 The lower court sustained a general and special demurrer to the first amended complaint, without leave to amend. On this appeal, the question is whether the complaint states a cause of action.
 

 In substance, the complaint alleges that defendant owned real estate, and submitted a written proposal to plaintiffs to lease the same for three years, commencing November 1, 1934, the rental to be 25 per cent of the gross receipts of plaintiffs’ undertaking business; that plaintiffs executed and delivered the proposed lease to defendant, took possession and made payments thereunder until about November 21, 1935; that at this time defendant notified plaintiffs that defendant had never executed the lease and did not consider the same binding; that thereafter defendant served a 30-day notice to terminate plaintiffs’ tenancy; that plaintiffs thereafter elected to treat this notice as a repudiation of the lease and are now willing to vacate but are unable to determine whether they were tenants under the lease or from month to month; that they have paid more than actually required to pay -as rental; and that they are entitled to cancellation of the lease and an accounting. In another cause of action incorporating many of these prior allegations, they attempt
 
 *589
 
 to plead' a cause of action for fraud, based upon the theory that defendant represented that it would lease the property and failed to do so.
 

 It appears from the complaint that, subsequent to defendant’s notice plaintiffs remained in undisturbed possession, and were still in the premises at. the commencement of this action in April, 1936. In June, 1936, defendant brought an unlawful detainer action against plaintiffs and on stipulation secured judgment for possession, without damages or costs; and' thereafter the premises were sold to a third person.
 

 With the tenancy thus terminated by the prior judgment, there is no basis for a declaration of rights in the proposed lease; and since plaintiffs admittedly remained in undisturbed possession during the unlawful detainer suit, there is no showing of damage by reason of any alleged repudiation of the lease prior thereto. The only theory of recovery which requires consideration is that of fraud in failing to sign the lease.
 

 Plaintiffs have attempted to plead a cause of action for fraud consisting of the making of a promise without any intention of performing the same. The trial court deemed the pleading insufficient, and plaintiffs have failed to show any authority justifying reversal of its judgment.
 

 In the first place, the complaint alleges representations by defendant that it would lease the premises to plaintiffs, in other words, a promise of future action; but it does not allege that the promise was made with the intention of deceiving plaintiffs, nor that the promise was made without the intention of performing it. The mere failure to carry out a promise is not a tort, and it is therefore essential, in pleading fraud consisting of a false promise, to allege the elements of fraud. (See
 
 Rheingans
 
 v.
 
 Smith,
 
 161 Cal. 362 [119 Pac. 494, Ann. Cas. 1913B, 1140]
 
 ; Ayers
 
 v.
 
 Southern Pac. R. Co.,
 
 173 Cal. 74, 79 [159 Pac. 144, L. R A. 1917E, 949];
 
 Jacobson
 
 v.
 
 Mead,
 
 12 Cal. App. (2d) 75, 82 [55 Pac. (2d) 285, 1267].) The complaint is wholly insufficient in this respect. It is perfectly consistent with its allegations to infer that defendant made the alleged promise with the full intention of performing the same, and hence without fraud.
 

 Nor have plaintiffs properly pleaded any damage resulting from the alleged fraud. The complaint shows that they spent money to establish a business, but there is no
 
 *590
 
 showing that defendant’s alleged fraud deprived them of such business. They were not evicted from the premises but in fact remained in possession when they brought this action. The complaint fails to show how any acts of defendants interfered with their business or caused the expenditures in question. In short, even if fraud had been well pleaded, the complaint would still be fatally defective in its attempted pleading of damage, an essential element of the cause of action. (See
 
 Gutterman
 
 v.
 
 Gally,
 
 131 Cal. App. 647, 650 [21 Pac. (2d) 1000];
 
 Barron Estate Co.
 
 v.
 
 Woodruff Co.,
 
 163 Cal. 561 [126 Pac. 351, 42 L. R. A. (N. S.) 125].)
 

 The attempted pleading of a cause of action for breach of contract by repudiation is likewise so uncertain and defective as to warrant the sustaining of the demurrer. If the original oral negotiations constituted the contract, the statute of frauds was a bar and could be raised by demurrer. (See
 
 Harper
 
 v.
 
 Goldschmidt,
 
 156 Cal. 245 [104 Pac. 451, 134 Am. St. Rep. 124, 28 L. R. A. (N. S.) 689].) If the action was for breach of the written lease, there is no allegation that such a lease was actually entered into by the parties, and in fact the complaint discloses that the theory of the action is that the defendant failed to enter into the lease but represented to plaintiffs that it had. Nor does the complaint plead the essential element of performance of conditions and covenants by the plaintiffs. (See
 
 Fenn
 
 v.
 
 Pickwick Corp.,
 
 117 Cal. App. 236, 242 [4 Pac. (2d) 215];
 
 Los Angeles G. & E. Co.
 
 v.
 
 Amalgamated Oil Co.,
 
 156 Cal. 776 [106 Pac. 55].)
 

 The judgment is affirmed.