[Civ. No. 4194. Fourth Dist. Nov. 19, 1952.]

ROSE MORRIS et al., Appellants, v. HARRY MUTASCIO et al., Respondents.

Wing, Wing & Brown for Appellants.

Thompson & Colgate for Respondents.

BARNARD, P. J.—This is an action for damages for breach of an oral lease. At the outset of the trial an objection to the introduction of any evidence was sustained on the ground that no cause of action was stated. A judgment of dismissal was then entered, from which the plaintiffs have appealed.

The amended complaint alleges that the defendants owned a hotel, apartment and store building in Palm Springs; that on March 28, 1948, the parties entered into an oral agreement and lease whereby the plaintiffs leased a storeroom in said building for two years commencing September 1, 1948, with a renewal option; that this agreement provided that the plaintiffs would equip and operate a restaurant, and that the defendants would cooperate with them in obtaining a license for the sale of beer on the premises, and would later reduce the agreement to writing; that the plaintiffs paid certain rentals, installed certain fixtures, and devoted their time to the business from September 11, 1948, to March 22, 1949; that the defendants failed to perform said agreement in that they opposed plaintiffs' attempts to obtain a beer license, refused to put the lease into writing, and entered the premises during the absence of plaintiffs and without their consent; that by reason of the failure of the defendants to perform their agreement the plaintiffs, on March 22, 1949, moved their stock and equipment from said storeroom; that by reason of these wrongful acts the plaintiffs have been damaged in certain amounts; that the plaintiffs were induced to enter into this agreement and lease by defendants' representations that they possessed information superior to that of the plaintiffs, and knew that such a license could be obtained; that plaintiffs, being nonresidents of the county, were unaware of the conditions and requirements necessary to obtain such a license; that they believed and relied upon defendants' representations; that beginning on August 17, 1948, and continuing through the fall the plaintiffs, over the objections of the defendants, endeavored to obtain such a license; that plaintiffs were not denied said license until January 31, 1949; that the lack of such a license made the operation of this business unprofitable to the plaintiffs or to anyone else; and that the plaintiffs would not have entered into this oral agreement and lease but for these representations.

The appellants contend that (1) this was an oral lease, and not an oral agreement to lease; (2) that respondents breached the lease by opposing and objecting to appellants' attempt to obtain a beer license, by refusing to put the lease in writing, and by entering the premises during their absence; and (3) that respondents are estopped to raise the defense of the statute of frauds.

Apparently for the purpose of avoiding the statute of frauds, the appellants insist that this was a present lease and

not an agreement to execute a lease. In such a case, a breach of the oral agreement for a written lease would occur if and when the respondents caused the appellants to surrender possession, and not when or because the respondents failed to execute a written lease. (*Kaye* v. *Melzer*, 87 Cal.App.2d 299 [197 P.2d 50].) No such a breach ever occurred here. The appellants voluntarily moved out and no attempt to dispossess them was ever made by the respondents. There is no allegation showing that any damage resulted from any failure to put this agreement in writing. (*Maynes* v. *Angeles Mesa Land Co.*, 10 Cal.2d 587 [76 P.2d 109].)

The complaint was based upon an alleged breach of the lease, rather than upon fraud. Moreover, any misrepresentation incidentally involved, knowledge that a license could be secured, was as to a matter governed by statewide laws and regulations. The appellants were not entitled to rely on any private influence as having a controlling effect on the securing of such a license.

 The only allegations of damage are based on the claim that this business could not be profitably operated without a beer license, and that the defendants had breached their agreement to cooperate with the plaintiffs in obtaining such a license. It was not alleged that the respondents had promised to secure such a license. It was not alleged that the appellants were prevented from getting such a license by any act of the defendants, and no facts were alleged which would in any way indicate that the failure to obtain a license was due to any act or neglect on the part of the respondents. The only material allegations in this regard are that the appellants endeavored to obtain a license, that they continued their efforts over the objection of the defendants, and that the license was not denied until January. No facts are alleged with respect to what the defendant had done, that this had anything to do with the denial of a license, or that any act of the respondents was a proximate cause of any supposed damage resulting from the failure to obtain a license.

It is fundamental that there must be a causal connection between the act or omission complained of and the loss or injury suffered. (*J. Breuner Co.* v. *Western Union Tel. Co.*, 108 Cal.App. 243 [291 P. 445].) Not only were the allegations of the complaint not sufficient to show such a causal connection, but a good reason for the application of the usual rules appears in the situation which was disclosed at the

hearing on the objection to the introduction of any evidence. It was then brought out that the appellants' request for a license was denied by the Board of Equalization upon the express ground that the proposed site was within 100 feet from a school. The court could take judicial notice of the geographical facts involved. It would have been an idle act to have proceeded with the trial under the circumstances known to exist. If such an agreement was made its performance could have had no controlling effect. No amount of cooperation by the respondents could have changed the situation, and no damage could have flowed from any failure on their part to keep the alleged agreement to cooperate. While a breach of the agreement is alleged, the allegations of the complaint are not sufficient to show that any damage was proximately caused by any act or omission on the part of the respondents.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 15, 1953.