[Sac. No. 370.   Department One.—December 8, 1898.]

T. E. LANGLEY, Respondent, v. JOSEPH V. RODRIGUEZ, Appellant.

SALE OF RAISIN GRAPES—WRITTEN CONTRACT—ORAL PROMISE OF AGENT —ADVANCE PAYMENT—FRAUD.—The breach of a written contract for the sale of a growing crop of raisin grapes, to be gathered and cured by the vendor, and paid for by the purchaser on delivery, cannot be excused by mere breach of a cotemporaneous oral promise of the agent of the vendor that an advance should be made on the price of a specified sum, to enable the vendor to pick and cure the grapes, provided such promise was honestly made; but, if the oral promise was made without any intention of performing it, and for the purpose of securing the execution of the written agreement by the vendor, it is fraudulent, and entitles the vendor to avoid the contract.

ID.—PLEADING—ABSENCE OF INTENTION TO FULFILL PROMISE.—In pleading the fraud of the agent in making the oral promise, it is not essential that the answer should charge in so many words that there was no intention to fulfill the promise at the time it was made; but it is sufficient that such is the effect of the averments made upon the subject.

ID.—NONPAYMENT OF PROMISED ADVANCE—PROOF OF DAMAGE IMMATERIAL.—The payment of the promised advance, to enable the vendor to gather and cure the raisin crop, if fraudulently promised, was a condition precedent to the duty of the vendor to deliver the cured crop; and it is not necessary for the vendor, in such case, to prove that he was damaged by failure to receive the expected advance.

APPEAL from a judgment of the Superior Court of Kings County.   Justin Jacobs, Judge.

The facts are stated in the opinion.

Horace L. Smith, for Appellant.

L. L. Cory, for Respondent.

BRITT, C.—Rodriguez, the defendant here, and the Cutting Fruit Packing Company, a corporation, the latter acting by one Bates, its agent, made and signed a contract in writing, of date July 6, 1896, by the terms whereof Rodriguez agreed to sell to said packing company his crop of raisin grapes, then growing, and said company agreed to pay him at the rate of two cents

per pound for the same when delivered "in sweat boxes" at its packing-house. This is an action by the assignee of the packing company to recover damages for defendant's refusal to deliver the goods pursuant to said written agreement.

In his answer defendant pleaded, in substance, that his signature to said instrument was procured by fraud of said Bates, consisting in this: To induce defendant to sign the paper, Bates orally promised and agreed, on behalf of the packing company, that when the grapes should be ready to gather, said company would advance to defendant on the said agreed price thereof the sum of three hundred and fifty dollars, to enable him to pick and cure the same; that without the prior promise of such advance defendant would not have signed said writing; that Bates, when he made the said oral promise, did not know and was without reasonable ground to believe that the packing company would advance anything on the contract price, as promised by him; that said company refused such advance when, at the proper time, defendant requested the same; and that because of such refusal defendant on his part refused to deliver the raisins as stipulated in said instrument of writing. At the trial defendant submitted evidence tending, though with varying degrees of cogency, to prove the said allegations of his answer; the court seems to have held the affirmative defense pleaded to be itself insufficient, and rejected the evidence offered in support thereof and rendered judgment for plaintiff.

The oral promise to pay part of the agreed price in advance of the curing of the crop was in conflict with the provision of the written contract that payment would be made on delivery of the raisins at the packing-house, and if the promise was honestly made it was undoubtedly within the rule forbidding proof of a contemporaneous or prior oral agreement to detract from the terms of a contract in writing. The rule cannot be avoided by showing that the promise outside the writing has been broken; such breach in itself does not constitute fraud. (*Feeney v. Howard,* 79 Cal. 525; 12 Am. St. Rep. 162; *Fisher v. New York Common Pleas,* 18 Wend. 608.) But a promise made without any intention of performing it is one of the forms of actual fraud (Civ. Code, sec. 1572); and cases are not infrequent where relief against a contract reduced to writing has been granted on the

ground that its execution was procured by means of oral prom-
ises fraudulent in the particular mentioned, however variant
from the terms of the written engagement into which they were
the means of inveigling the party. (*Newman v. Smith*, 77 Cal.
22, 26, and authorities cited; *Hays v. Gloster*, 88 Cal. 560.)

Now if, as defendant alleged, and as the evidence he offered
had some tendency to show, when Bates agreed that the com-
pany would make an advance payment, he had no reasonable
ground to believe that it would do so, it is impossible to see how
his promise could have been made in good faith—that is to say,
with intent that it should be kept; therefore, it was equivalent
to a promise made without such intention and was fraudulent.
It was not essential that the answer should charge in so many
words that there was no intention to fulfill the promise at the
time it was made; it is sufficient that such was the effect of the
averments on the subject. (*Hays v. Gloster*, *supra*.) The case
is close; but in our opinion the evidence produced by defendant
should have been considered; plaintiff being allowed .o rebut by
any relevant matter, including facts tending to establish the good
faith of Bates' oral promises.

Respondent makes the point that defendant was not shown to
have been damaged by failure to receive the expected advances.
That is not the question; if, as defendant claims, the advances
were to be made in order to enable him to pick and cure his
crop—processes necessarily preceding delivery under the con-
tract—then the payment of the promised advance was a condi-
tion precedent to the duty of defendant to deliver the goods.
The judgment should be reversed.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment
is reversed.          Harrison, J., Garoutte, J., Van Fleet, J.

Hearing in Bank denied.