[Sac. No. 1269. In Bank.—November 4, 1904.]

FREDERICK D. SPRAGUE, Executor of Will of Moses Sprague, Deceased, Respondent, v. HATTIE S. WALTON, Individually, and as Executrix of the Will of Nancy M. Sprague, Deceased, and B. F. WALTON, Co-Executor of Will of Moses Sprague, Deceased, Appellants.

Action by Executor—Recovery of Community Property—Defense of Gift to Wife—Co-Executor as Defendant—Service of Notices.— In an action by one of the executors of the will of a deceased husband to recover community property from the executrix of the will of a deceased wife, who defended upon the ground of a gift from the husband to the wife, a co-executor of the will of the husband made defendant because he refused to join as co-plaintiff, and who denied the interest of the husband, but against whom no relief was granted, and who is not mentioned in the judgment for plaintiff, is not an adverse party on whom the executrix of the deceased wife was required to serve her notice of motion for new trial or her notice of appeal.

Id.—Deposits in Bank—Gift — Presumption — Burden of Proof— Finding—Sufficiency of Evidence.—Whether deposits in bank of community property in the name of the husband were a gift to the wife depends upon his actual intention, where he did everything necessary to complete a gift thereof if he intended one; but though the evidence seems very strong and persuasive that a gift was intended, yet, the burden of proof being upon the defendant to show a gift from the husband to the wife, a finding to the contrary, resting upon the legal presumption in favor of the husband, cannot be set aside on the sole ground that the finding of no gift is wholly unsupported.

Id.—Error in Exclusion of Evidence—Declarations of Husband Accompanying Written Authority to Wife.—Where the husband, while sick and confined to his bed, after having bequeathed everything to his wife, gave to her written authority to withdraw all bank deposits standing to his credit, with the words appended to such written order, "and to have the right of survivorship," it was error to exclude evidence of the oral declarations of the husband, at and about the time he signed the written orders upon which his wife withdrew the deposits, declaratory of his intention to make her a gift of the money. Such declarations do not vary the written contract; and the question is not governed by subdivision 4 of section 1870 of the Code of Civil Procedure, but by subdivision 2 of that section.

Id.—Form of Orders—"Right of Survivorship"—Indication of Trust. —The words "and to have the right of survivorship" in the orders

indicate an intention of the husband to create a trust in favor of the wife; and if such was the intention, even if it was not intended that she should withdraw the money until after his death, the bank would be a trustee for her benefit as survivor. The fact that the wife withdrew the money before her husband's death would not defeat the intention to create a trust in her favor.

ID.—RIGHT OF ACTION—PRESENTATION OF CLAIM—IDENTIFICATION OF DEPOSITS.—If it shall be found that the deposits did not pass to the wife either as donee or beneficiary of a trust, they may be recovered by the husband's executor, so far as identifiable, without presentation of a claim against the estate of the deceased widow. Upon such supposition, the deposits sued for are not a part of the latter estate, and the action will lie if the thing demanded can be identified in specie as the property of the husband.

ID.—STATUTE OF LIMITATIONS—TRUST—WIDOW AS EXECUTRIX.—Upon the same supposition, the wife held the money in trust for the husband at his death, and the statute of limitations did not commence to run in favor of the widow while she remained executrix of the will of the deceased husband, regardless of her failure to include the deposits in the inventory of his estate; and the action to recover the money from the executrix of the deceased widow is not barred by the statute where she was appointed as such less than two years before the action was commenced.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

Phipps & Henion, and Devlin & Devlin, for Appellants.

The court gave judgment against the general assets of the estate of the deceased widow. This was erroneous, the money not having been identified nor a claim presented against the estate. (*Lathrop* v. *Bampton,* 31 Cal. 17;[1] *Rowland* v. *Madden,* 72 Cal. 18-20; *Falkner* v. *Hendy,* 107 Cal. 54; *In re Smith,* 108 Cal. 122; *Bemmerly* v. *Woodward,* 124 Cal 568; *McGrath* v. *Carroll,* 110 Cal. 82; *Orcutt* v. *Gould,* 117 Cal. 310.) A trust was created for the wife by the form of the written orders. (*Booth* v. *Oakland Bank of Savings,* 122 Cal. 19; *Hellman* v. *McWilliams,* 70 Cal. 449.) There was a completed gift consummated by delivery. (Civ. Code, secs. 1146, 1147; *Williams* v. *Tam,* 131 Cal. 64; *Hamilton* v. *Hubbard,* 134 Cal. 603; *In re Stevens,* 83 Cal. 322;[2] *Vandor* v. *Roach,*

[1] 89 Am. Dec. 141.          [2] 17 Am. St. Rep. 252.

73 Cal. 614.) The presumption is in favor of lawful possession of the money. (Code Civ. Proc., sec. 1963.) There was no express trust in favor of the husband, and the action was barred by the two years' statute. (Code Civ. Proc., sec. 339; 13 Am. & Eng. Ency. of Law, pp. 684, 685; 2 Wood on Limitations, pp. 521, 522.) It was error to exclude evidence of Moses Sprague's declaration of his intention to make a gift to his wife. (Code Civ. Proc., sec. 1853; *Ruiz* v. *Dow,* 113 Cal. 490; Thornton on Gifts, secs. 222-224; *Waite* v. *Grubbe,* 43 Or. 406.[1])

A. M. Seymour, and R. Platnauer, for Respondent.

The right of the husband to the deposits was not relinquished by their authorized withdrawal. (*Zeller* v. *Jordan,* 105 Cal. 143, 148; *Booth* v. *Oakland Bank of Savings,* 122 Cal. 19; *Dougherty* v. *Moore,* 71 Md. 248;[2] *Beaver* v. *Beaver,* 117 N. Y. 421, 429;[3] *Taylor* v. *Henry,* 48 Md. 550;[4] *Marshall* v. *Crutwell,* L. R. 20 Eq. 328.) No trust was created. (Civ. Code, secs. 2221, 2222; *Norway Savings Bank* v. *Merriam,* 88 Me. 146; *Beaver* v. *Beaver,* 117 N. Y. 422;[3] *Young* v. *Young,* 80 N. Y. 422, 437;[5] *Cunningham* v. *Davenport,* 147 N. Y. 43;[6] *Burling* v. *Newlands,* 112 Cal. 476.) Plaintiff's claim is not barred by the statute. The wife held the money as executrix, upon qualifying. (Code Civ. Proc., sec. 1447; *Matter of Consalus,* 95 N. Y. 340; *Commonwealth* v. *Gould,* 118 Mass. 300, 307; *Hall* v. *Pratt,* 5 Ohio, 73, 81; *McGaughey* v. *Jacoby,* 54 Ohio St. 487; *Estate of Miner,* 46 Cal. 564, 571; *Matter of Armstrong,* 69 Cal. 239; *Treweek* v. *Howard,* 105 Cal. 434, 446.) The statute could not run in her favor while she was the trustee of an express trust, as executrix. (*Magraw* v. *McGlynn,* 26 Cal. 420; *Ex parte Smith,* 53 Cal. 204; *Fox* v. *Tay,* 89 Cal. 339;[7] 13 Am. & Eng. Ency. of Law, 685.) The action was not barred as to the defendant, the cause of action not accruing against her with her appointment as executrix. (Code Civ. Proc., sec. 343; *Hecht* v. *Slaney,* 72 Cal. 363; *Barker* v. *Hurley,* 132 Cal. 26.) No claim was required to be presented against the estate of Nancy Sprague, the de-

[1] 99 Am. St. Rep. 764.
[2] 17 Am. St. Rep. 524.
[3] 15 Am. St. Rep. 531.
[4] 30 Am. Rep. 486.

[5] 36 Am. Rep. 634.
[6] 49 Am. St. Rep. 641.
[7] 23 Am. St. Rep. 474.

posits being identifiable. (*People* v. *Houghtaling*, 7 Cal. 348; *Stanwood* v. *Sage*, 22 Cal. 516; *Roach* v. *Caraffa*, 85 Cal. 436; *Heydenfeldt* v. *Jacobs*, 107 Cal. 373; *Elizalde* v. *Elizalde*, 137 Cal. 634, 641.) The presumption is, that the money deposited by Nancy Sprague when she withdrew her husband's deposits was part of the trust fund. (*Elizalde* v. *Elizalde*, 137 Cal. 634, 641; *Importers' etc. Nat. Bank* v. *Peters*, 123 N. Y. 272, 278; *National Bank* v. *Insurance Co.*, 104 U. S. 54; *Myers* v. *Board of Education*, 51 Kan. 87;[1] *McLeod* v. *Evans*, 66 Wis. 401.[2]) Parol evidence was not admissible to vary the terms of the written orders for the money. (Civ. Code, secs. 1625, 1639; Code Civ. Proc., sec. 1856; *Nicholson* v. *Tarpey*, 89 Cal. 617, 621; *Harrison* v. *McCormick*, 89 Cal. 327;[3] *Schroeder* v. *Schmidt*, 74 Cal. 459; *Beall* v. *Fisher*, 95 Cal. 568.)

BEATTY, C. J.—This is an action by one of the executors of the will of Moses Sprague to recover from the executrix of Nancy Sprague (who was the wife of Moses) a sum of about thirty-eight hundred dollars, the amount of two savings-bank deposits—community property of the spouses originally standing in the name of Moses, but drawn out by her under written authority from him and redeposited in her own name shortly before his death.

B. F. Walton, named as a defendant, is the co-executor of the plaintiff, and is made a defendant only because he refused to be joined as a plaintiff. No relief is sought against him, and by his answer he merely denies that the estate of Moses Sprague has any interest in the deposits. Hattie Walton defends upon the ground that the deposits were a gift from Moses Sprague to her testatrix. The superior court found that there was no gift, and found against other special defenses based upon statutes of limitations. Judgment was thereupon entered in favor of the plaintiff and against Hattie S. Walton for the amount remaining of said deposits at the death of her testatrix and received by her as executrix. From this judgment and from an order denying her motion for a new trial she appeals.

It appears from the evidence in the record that Moses and

[1] 37 Am. St. Rep. 263.          [3] 23 Am. St. Rep. 469.
[2] 57 Am. Rep. 287.

Nancy Sprague were the owners of community property, real and personal, including the deposits in question. In January, 1900, Moses, being at the time sick and confined to his bed, obtained from the banks the form of an authorization which would enable his wife to draw the deposits standing in his name, and he executed and delivered to her two orders in the form prescribed. They were substantially the same in terms, and the one addressed to the Sacramento Bank read as follows: "January 22, 1900. I hereby authorize the Sacramento Bank to allow my wife, Mrs. N. M. Sprague, to draw any money standing to my credit on Deposit No. 17097, fol. 825, in said bank and to have the right of survivorship." On the 30th of January Mrs. Sprague drew out the whole of the several deposits and immediately redeposited them in the same banks, but in her own name. On the 16th of March following Moses Sprague died. Letters testamentary were issued to his wife in July, 1900, and she took possession of his estate, but died in June, 1901, leaving the administration unclosed. Upon her death the plaintiff, Frederick D. Sprague, and the defendant B. F. Walton were appointed joint executors in her place. Subsequently her will was proved and letters testamentary were issued to her daughter, the defendant Hattie S. Walton. As executrix of her deceased husband's will, Mrs. Sprague never charged herself with anything on account of said deposits, and what remained of them passed into the hands of her executrix, who claims that they were a gift from her father to her mother and constituted no part of his estate.

The defendant urges a number of points in support of her appeal from the order denying her motion for a new trial, claiming, among other things, that the court erred in finding that there was no gift of the deposits and in excluding evidence material to that issue.

The respondent makes the preliminary objection that this court is without jurisdiction to review these assignments of error because neither the notice of motion for a new trial nor the notice of appeal was served upon the defendant B. F. Walton. There is a dispute as to the fact of service of these notices upon defendant Walton, but we consider it immaterial whether they were served or not, for Walton is not an adverse party. No interest of his would be adversely affected

by the granting of a new trial or by a reversal of the judg-
ment. Though a party to the action, he is not mentioned in
the judgment, which was exclusively in favor of the plaintiff
and against Hattie S. Walton. If the judgment stands, no
part of the amount recovered could be collected by him. He
would not be charged with it in his accounts, and would be
entitled to no commissions thereon. (Code Civ. Proc., secs.
1613, 1615; *Hope v. Jones,* 24 Cal. 89.) He neither pays nor
recovers costs, and the only possible effect of a reversal and
new trial is, that he might be benefited by the recovery of
his costs in case of an ultimate judgment for the defendants.

Whether or not there was a gift of these deposits by Moses
Sprague to his wife depends wholly upon his actual inten-
tion. He did everything necessary to the validity of the gift,
if he intended a gift. He gave his wife orders in the form
prescribed by the banks which enabled her to cancel his ac-
counts and transfer the deposits to her own account; in effect,
he put her in possession of the funds and deprived himself of
all control. If he intended to do this, and intended it as a
gift, the gift was complete.

The evidence that he did intend a gift seems to us very
strong. He was sick and confined to his bed. On the 1st of
January he had executed a holographic will, or codicil to his
attested will, by which he had given everything he possessed
to his wife. That he intended her to have these deposits is
clear, and the only question is whether he intended that she
should take them under the will or as a gift free from the
burdens of administration. When he made his holographic
will on the 1st of January no doubt he intended her to take
under the will, but it would appear that before the 22d of the
month he had changed his mind. Why, if he did not intend
her to take the deposits as a gift, should he have given her
authority to draw *both* deposits, amounting to nearly four
thousand dollars? She needed no such sum to pay current or
household expenses, but in case of his death (and he was on
his death-bed) it would be extremely convenient for her to
have control of this fund of ready money pending adminis-
tration of his estate. Considering that he intended her to
have his whole estate in any event, there were good reasons
why he should make her a present gift of a fund which would
relieve her of the necessity of applying to the probate court

for the means of support prior to distribution. But the burden of proving a gift rested upon the defendant, and it was essential for her to prove, among other things, that Moses Sprague intended a gift of the deposits. The evidence upon this point was, in our opinion, very persuasive, and there was uncontradicted and unquestioned evidence to prove the delivery of the deposits, or, what is the same thing, the furnishing of the means by which they could be reduced to possession by the donee if she was a donee. But this court can neither make a finding nor direct one where the evidence, however persuasive, is opposed to a presumption, as in this case. Nor can it be said in this case that the evidence of a gift is so absolutely convincing that the order denying a new trial could be reversed on the sole ground that the finding of no gift is wholly unsupported.

But the superior court erred in excluding evidence of the oral declarations of Moses Sprague at and about the time he signed the orders upon which his wife drew the deposits. It does not appear from the bill of exceptions what was the particular reason for these rulings, but in the brief of respondent they are defended upon the ground that the effect of the declarations would be to contradict or vary the terms of the written orders. The rulings cannot be sustained upon that ground. The orders related solely to a matter between Moses Sprague and the banks. It was not necessary for him to inform the banks of his purpose in putting the deposits under control of his wife. His purpose was a matter between him and her exclusively, and was manifested and could be proved by his contemporaneous declarations, or by his declarations made before or after delivering the orders. There is no better proof of intention than declared intention, and it is often the only means of proof. The question here is not governed by subdivision 4 of section 1870 of the Code of Civil Procedure, but by subdivision 2 of that section.

We do not deem it necessary to notice particularly the several cases cited by respondent in support of his contention that there was a failure in this case to make a gift, even if a gift was intended. The case of *Zeller* v. *Jordan*, 105 Cal. 147, is fairly representative of the other cases cited and clearly exhibits the distinction which makes them one and all inapplicable to this controversy.

. That was a claim of gift from a deceased wife. All the
surviving husband had to show was an undated check on a
savings bank for nineteen thousand dollars. He could not
have drawn the money without the pass-book, and he never
had the pass-book. And, besides, he testified himself that it
was not intended that he should use the check until after his
wife's death. And so in all the cases the supposed gift was
not delivered or put in the power of the person claiming as
donee. Here the means of reducing the deposits to possession
were placed in the hands of Mrs. Sprague, and she took pos-
session in her husband's lifetime. If this taking possession
was in accordance with the understanding between her and
her husband the gift was complete.

It is necessary perhaps in view of the further proceedings
in the trial court to notice briefly one or two other points.

Even if it should be found that it was not the intention of
Moses Sprague that his wife should draw out the deposits or
change them to her own account in his lifetime, the form of
the orders ("with right of survivorship") indicates his inten-
tion that she should take them as survivor after his death;
and if such was his intention, the transaction would be
brought within the doctrine of *Booth* v. *Oakland Bank,* 122
Cal. 19, where it was held that an arrangement substantially
the same as in this case constituted the bank a trustee of the
deposit for the benefit of the parties to whom the depositor
desired the money to be paid in case of her death. The fact
that Mrs. Sprague actually drew the money before her hus-
band's death would not defeat the intention to create a trust
in her favor.

If it shall be found that these deposits did not pass to
Nancy Sprague either as donee or beneficiary of a trust, they
may be recovered so far as identifiable without presentation
of a claim against the estate of Nancy Sprague. The right to
sue an executor or administrator in cases like this without
presentation of a claim against his decedent's estate arises
from the fact that the specific thing sued for is not a part of
such decedent's estate, and the action will lie whenever the
thing demanded can be identified in specie as the property of
another.

The superior court did not err in finding that the action was
not barred by the statute of limitations. If the money in the

hands of Hattie S. Walton was identified as a part of the deposits originally standing in the name of Moses D. Sprague, and if there was no gift to his wife or trust for her benefit, she held them in trust for him at the time of his death. They were his property, and recoverable in specie, and the claim of his representatives is protected from the running of the statute of limitations in favor of his executor in the same way and upon the same principle that applies to a debt from an executor or administrator to his decedent. The claim against Nancy Sprague was not discharged by her appointment as executrix. She should have included the deposits in her inventory, and whether she did or not the statute did not run in her favor. (Code Civ. Proc., sec. 1447.) As to the defendant, she was appointed executrix of Nancy Sprague's will less than two years before the action was commenced, and there is no clause of the statute which could possibly bar the action against her within that period.

We discover no error in the judgment, but the order denying a new trial is reversed for the reasons stated and the cause remanded.

Henshaw, J., McFarland, J., Angellotti, J., Van Dyke, J., and Lorigan, J., concurred.