[No. 50. Second Appellate District.—August 28, 1905.]

## H. S. GRINNELL, Appellant, v. JOHN S. HILL, Respondent.

ACTION UPON NOTE—PURCHASE OF OIL STOCK—DEFENSE—RESCISSION FOR FRAUD.—In an action upon a note given on account of the purchase price of oil stock an answer setting forth that the defendant, having friendly relations with the plaintiff, was induced by his fraudulent representations, specifically set forth, to purchase the stock and to give the note sued upon, and setting forth a case of aggravated fraud, and prompt notice of rescission of the contract therefor upon discovery of the fraud, with demand for return of the note, discloses a complete defense to the action.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Stearns & Swett, for Appellant.

M. L. Ward, for Respondent.

SMITH, J.—This is a suit upon a promissory note of date December 27, 1900, for the sum of $625, given for twenty-five hundred shares of Famosa Oil and Investment Company.

In the answer, besides the allegations as to the familiar and friendly, if not confidential, relations existing between the parties, it is alleged that the defendant was induced to purchase the stock, and to give the note sued on, by certain fraudulent representations, set forth specifically in the answer, which were, in effect: 1. That the plaintiff represented to the defendant that he had purchased five thousand shares of the stock referred to in the note at twenty-five cents a share, which was less than its market value, and that, on account of the friendly relations existing between them, he was willing to let the defendant have one half of the stock purchased at the price he had paid for it; 2. That the plaintiff had in fact purchased the stock at the price of ten cents a share, which was its full market value; 3. That the defendant saying that he had not the money to invest, the plaintiff proposed to him to give his note, representing to him that the stock could not be issued prior to about the fifteenth day of September, 1901, at which time the plaintiff, if the defendant should so elect, would return the note to him and have the stock issued to himself; and 4. That about the first day of July, 1901, the defendant having discovered the falsity of the plaintiff's representations, rescinded the contract and demanded the return of the note, which the plaintiff refused to return. There was ample evidence to sustain all of the facts alleged.

The case was tried by a jury, who returned a verdict for the defendant, and the plaintiff appeals from the judgment thereon entered, and from an order denying his motion for a new trial.

Numerous points are urged by the appellant for the reversal of the judgment and the order appealed from. But they may be all summed up in the general proposition that the facts above alleged do not constitute a defense to the action. But the contention is too obviously untenable to require serious consideration—the case being, in our opinion, one of aggravated fraud. (Civ. Code, sec. 1572; *Dow* v. *Swain*, 125 Cal. 674, [58 Pac. 271]; *Langley* v. *Rodriguez*, 122 Cal. 580, [68 Am. St. Rep. 70, 55 Pac. 406].)

The judgment and order appealed from are affirmed.

Allen, J., and Gray, P. J., concurred.