[Civ. No. 8164. First Appellate District, Division Two.—January 27, 1932.]

MARIE BEYERLE, Appellant, v. CALIFORNIA SURETY COMPANY (a Corporation) et al., Respondents.

Percilla Lawyer Randolph for Appellant.

Clyde R. Burr and H. L. Pratt for Respondents.

NOURSE, P. J.—Plaintiff sued to cancel and to restrain the foreclosure of a deed of trust upon certain real property. The defendants had judgment and the plaintiff appeals upon typewritten transcripts.

On July 2, 1926, plaintiff, as sole owner of the property, conveyed by deed of grant to the California Surety Company in consideration for her subscription to stock in that corporation. This deed was duly recorded. In the same month the Surety Company handed plaintiff a deed conveying the same property back to her, which deed was not acknowledged and was not recorded. While the title was in this condition, and on October 13, 1926, the California Surety Company executed and delivered a deed of trust upon the property naming Torrance Finance Company as trustee and Metropolitan Trust Company of California as beneficiary. On November 17, 1927, the plaintiff secured from the California Surety Company a valid deed to said property which was duly recorded and since that time plaintiff has been the owner of the property.

The trial court found that plaintiff's deed to the Surety Company was for a valuable consideration and without fraud or misrepresentation on the part of that company; that plaintiff caused said deed to be executed and recorded for the purpose of enabling said corporation to represent to the commissioner of corporations of the state of California and to the public generally that the Surety Com-

pany was the real owner of said property and for the purpose of enabling said company to obtain from the commissioner of corporations a permit to sell its capital stock, and also to enable said company to mortgage or otherwise borrow money encumbering said property; that the Surety Company did so represent to the public and to the commissioner of corporations that it owned said property, and that said commissioner on the 15th of September, 1926, granted to said Surety Company a permit to sell its capital stock upon the representation of the plaintiff and said company that the latter was the owner of said property; that immediately following the recordation of plaintiff's deed the Surety Company made a deed back to said plaintiff of said property which said deed was not acknowledged so as to entitle it to be recorded and it was not recorded, and that said deed was placed in the possession of plaintiff ''on the specific agreement and understanding that the possession by plaintiff of said deed from defendant California Surety Company to plaintiff should not constitute a legal or other delivery of said deed, that such manual tradition of said deed did not constitute a delivery thereof''. The trial court also found that the plaintiff was estopped to claim any right, title or interest in the property either by reason of said deed from the California Surety Company or by reason of possession of plaintiff of the real property at the time of the execution of the trust deed, or otherwise. Upon these findings of fact the trial court drew the conclusion of law that the trust deed was a valid and subsisting deed of trust; that the plaintiff held title to the property subject to all the conditions and provisions thereof, and that she was not entitled to any restraining order preventing the foreclosure thereof.

As we understand appellant's position it is that the trial court should not have found that the manual delivery of the deed of the California Surety Company to her did not constitute a valid delivery thereof and that the trial court erred in receiving evidence upon this issue. On both points the authorities are all adverse to appellant's contentions. In *Williams* v. *Kidd,* 170 Cal. 631, 638, 639 [Ann. Cas. 1916E, 703, 151 Pac. 1, 3], it was said that the true test under which *delivery is to* be determined is in ascertaining whether the grantor intended thereby to divest himself of title

and that this matter of intention was a question of fact to be determined by the trial court "from a consideration of all the evidence in a given case bearing upon the question". To the same effect is *Hotaling* v. *Hotaling,* 193 Cal. 368, 382 [56 A. L. R. 734, 224 Pac. 455], where numerous cases are cited. As the question of the intention of the grantor to divest himself of the title is a question of fact parol evidence is admissible to prove that intention. Such is the rule of *Sprague* v. *Walton,* 145 Cal. 228, 234 [78 Pac. 645]; *Williams* v. *Kidd, supra,* p. 651, and numerous other cases. The rule is in accord with the provisions of section 1850 of the Code of Civil Procedure, which permits evidence of the declarations of the act which forms a part of the transaction which is itself the fact in dispute. The evidence offered on this issue disclosing that there was no present intention on the part of either grantor or grantee to pass title to the appellant is clear and conclusive and the trial court made no error in this finding.

But aside from this the finding that the appellant was estopped to claim any title in the property by reason of that deed is sufficient in itself to sustain the judgment. On this issue the evidence is without dispute. Appellant joined with the California Surety Company in a transaction designed to work a fraud upon the commissioner of corporations and the public generally. She filed a written statement with the commissioner averring that she had transferred clear title to the Surety Company in consideration for the sale of stock to her and that she did not expect, and had not been promised, that she would receive the property back from the company in the event that the commissioner should grant his permit for the sale of stock; that "the only condition incident to the transfer of the property is that in the event said company shall not receive a permit to sell and dispose of its capital stock then I will receive my property back". This letter was transmitted August 10, 1926, some four weeks after the purported delivery of the company's deed back to the appellant. On the strength of this document and the representations made by appellant and the Surety Company the commissioner of corporations authorized the company to sell to appellant 172 shares of its common capital stock in exchange for the real property in suit, and also authorized the company to sell additional

shares for cash to the general public. No change was made in these conditions prior to the execution of the deed of trust involved here, and the evidence of appellant's conduct in this respect fully supports the finding of the trial court that she led the state department and the general public and the respondents herein to believe that she had parted with her title to the property. It is, therefore, of no moment that she was permitted to live upon the premises or that she was in actual possession thereof at the time the deed of trust was executed.

Considerable stress is laid by appellant on the inadequacy of the investigation made by respondents prior to the execution of the deed of trust. A complete and full answer is that all the evidence shows that if any inquires had been made of appellant during that period the existence of the second deed would not have been disclosed because appellant was then publicly asserting that she had parted with the title. But here again we have a simple question of fact which the trial court was called upon to determine. Its finding adverse to appellant is amply supported by the evidence of all the facts and circumstances. We find no error in the record.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.