[Civ. No. 17779. Third Dist. Apr. 30, 1979.]

PAY LESS DRUG STORES, Plaintiff and Appellant, v.
ELSIE B. BECHDOLT, Individually and as Co-executor, et al.,
Defendants and Respondents.

COUNSEL

Fitzgerald, Abbott & Beardsley and Richard T. White for Plaintiff and Appellant.

Lyle H. Shattuck for Defendants and Respondents.

OPINION

**PARAS, J.**—The issue to be determined by this appeal is whether a suit for rescission of an executed land sale contract against personal representatives of a deceased seller is a claim "arising upon contract" within the

purview of Probate Code section 707, subdivision (a).[1] With exceptions not here relevant, that section specifies that "all claims arising upon contract, whether they are due, not due, or contingent, . . . must be filed or presented within the time [4 months] limited in the notice [to creditors] . . . and any claim not so filed or presented is barred forever . . . ."

Without first filing a timely claim, plaintiff Pay Less Drug Stores (Pay Less) sued Elsie B. Bechdolt and Bank of America, NT & SA, as coexecutors of the will of Carl L. Bechdolt, deceased, and Elsie individually. The subject of the action was the sale of a parcel of land in Tahoe City by Carl and Elsie; Pay Less purchased it to build a drug store thereon, but building regulations enacted by the California Tahoe Regional Planning Agency have prevented construction. The complaint contains eight causes of action (counts), the first six seeking a judicial declaration of rescission and restitution of the $410,000 purchase price along with other consideration allegedly paid, upon theories of deceit, negligent misrepresentation, unilateral and bilateral mistake of fact, frustration of purpose, and failure of consideration. The seventh and eighth counts seek damages for breach of contract.

Defendants' answer asserted as an affirmative defense the limitation of section 707. This also formed the basis for defendants' motion for summary judgment, which was granted. A judgment dismissing the complaint was entered, and this appeal followed.[2]

Pay Less concedes that section 707 bars recovery of the compensatory damages sought in counts seven and eight, but argues that the rescission claim is not so barred since it seeks only to exchange one asset (land) for another (money) and the value of the estate will not thereby be diminished. Citing cases holding actions for specific performance, quiet title, and enforcement of trusts not to be barred by section 707 (see 7 Witkin, Summary of Cal.Law (8th ed. 1974) Wills and Probate, § 423, p. 5873), Pay Less urges us to hold that its action may be pursued. It asserts that the actual money it paid constitutes a separate fund and is readily traceable on a dollar for dollar basis into the estate.[3]

---

[1] All statutory references henceforth are to the Probate Code, unless otherwise indicated.

[2] Elsie's individual liability, if any, is not in issue here.

[3] This is so because of the temporal proximity of the death and the payment of the purchase price (under three months), which assertedly makes the latter identifiable *in specie* in the estate.

The California authorities on the subject will first be reviewed. In *Jacobson* v. *Mead* (1936) 12 Cal.App.2d 75 [55 P.2d 285], a contract was entered into between the testator and the plaintiffs whereby the plaintiffs purchased a vacant lot upon which the testator agreed inter alia to plant trees (an item of nominal expense). Within a few days thereafter the land was deeded to the buyers. The seller died a few months later, having failed to plant the trees (the only respect in which he did not fulfill the contract). Five years later the plaintiffs filed a rescission action against the representative of the deceased and sought return of the consideration they had paid. The majority of the court held that the two-year contract statute of limitations had run; and strongly implied that had the action been grounded in fraud it would have been timely, provided discovery of the fraud was not made until a time within the limitation period. (12 Cal.App.2d at p. 81.) The failure to file a creditor's claim was given in the opinion as an alternative reason for disallowment of the action.

*Jacobson* v. *Mead* is the only reported California case which deals directly with the narrow factual issue presented here, i.e., the claim for restoration of consideration paid by the plaintiff to a decedent in return for real property purchased. But because of the unique (and egregious) facts of that case, the lack of complete unanimity of that court, and the absence therein of a reasoned analysis of section 707's applicability, we do not deem it valid authority to support the trial court's decision in this case.

*Estate of Bailey* (1941) 42 Cal.App.2d 509 [109 P.2d 356], held that no creditor's claim need be filed where the plaintiff seeks specific performance of a contract of the decedent to sell real property. *O'Donnell* v. *Lutter* (1945) 68 Cal.App.2d 376 [156 P.2d 958], followed the *Bailey* holding. Specific performance is in a manner of speaking the analogue of rescission; in the former one seeks literal execution of the contract while in the latter one seeks its literal annulment. But both are "claims arising upon contract;" indeed specific performance is more arguably so than rescission. It is therefore incongruous to acknowledge the validity of the *Bailey* and *O'Donnell* holdings on the one hand, yet to require a creditor's claim in rescission cases on the other.

Other actions founded in contract have also been held to be dehors section 707. An action to quiet title against a deed of trust securing a promissory note held by the estate was held in *Beyl* v. *Robinson* (1960) 179 Cal.App.2d 444 [4 Cal.Rptr. 18], not to require a creditor's claim. Similarly no claim is necessary where a constructive trust is sought to be imposed against estate property (*Estate of Dabney* (1951) 37 Cal.2d 672

[234 P.2d 962]), or a resulting trust is claimed (*Back* v. *Farnsworth* (1938) 25 Cal.App.2d 212 [77 P.2d 295]). Quoting from *Estate of Dutard* (1905) 147 Cal. 253, 256 [81 P. 519], the *Dabney* court states: " 'It is well settled that one who claims as his own, adversely to an estate, specific property held and claimed by the estate, cannot be called a creditor of the estate within the meaning of the probate law. The decisions are clear and conclusive upon the proposition that where one seeks to recover from the representatives of an estate specific property alleged to have been held in trust by the decedent at the time of his death, he is not seeking payment of a claim from the assets of the estate, is not required to present a claim as a creditor, and is not a ' "creditor of the estate." ' " (37 Cal.2d at p. 678.)

■ It is of course noteworthy that Pay Less does not seek damages for breach of contract, but restitution of consideration paid. Restatement of Contracts, section 347, comment b, articulates the distinction as follows: "When the remedy given for breach of a contract is money damages, the amount awarded is determined with the purpose of putting the injured party in as good a position as he would have occupied, had the contract been fully performed by the defendant. In granting restitution as a remedy for breach, however, the purpose to be attained is the restoration of the injured party to as good a position as that occupied by him before the contract was made."[4]

Such is the posture of Pay Less. Conceding that it may not recover money damages from the estate, it seeks the recovery of its purchase price payment *in specie*: ■ "The right to sue an executor or administrator in cases like this without presentation of a claim against his decedent's estate arises from the fact that the specific thing sued for is not a part of such decedent's estate, and the action will lie whenever the thing demanded can be identified *in specie* as the property of another." (Italics added.) (*Sprague* v. *Walton* (1904) 145 Cal. 228, 235 [78 P. 645].)[5] ■ "Where the recovery of specific property is sought on the ground that it is impressed with a trust for the benefit of the person claiming it, and the particular property is identified the issue does not involve an indebtedness of the estate, but, on the contrary, it is an asserted demand for delivery of property which does not belong to the estate, and the presenting of a claim is, under the provisions of section 716 of the Probate Code, therefore, not a prerequisite to the maintenance of the suit. *This is true even though the complaint seeks a judgment in the*

---

[4]It matters not that the procedural aspects of rescission actions were changed by the Legislature in 1961 (see former Civ. Code, §§ 3406-3408 and current Civ. Code, §§ 1689-1693). The subject matter of a recission action is conceptually different from that of a breach of contract action.

[5]*Sprague* v. *Walton* involved money on deposit in a savings account.

*alternative for the property or its value. . . . 'When the money or property of the trustor can be traced into a particular fund or deposit,* where it remains, though mingled with other money, the beneficiary may seek to follow the specific personal property and enforce the trust.' " (Italics added.) (*Back v. Farnsworth, supra,* 25 Cal.App.2d at pp. 220-221.)

■ Our own recent holding in *Kenworthy* v. *Hadden* (1978) 87 Cal.App.3d 696 [151 Cal.Rptr. 169], is consistent with our conclusion that the California authorities require no creditor's claim in an action for rescission. There we held that the value of a partnership interest of devisees of a wife in a partnership shared by her husband could be pursued in the estate of the husband without the prior filing of a claim.

Outside California we find *Reed* v. *Sixth Judicial District Court* (1959) 75 Nev. 338 [341 P.2d 100, 73 A.L.R.2d 879] to have involved the identical issue presented here and to have resolved it soundly. Real property had been sold by the decedent and his wife to the plaintiff, who sued to rescind the sale and for the return of payments and costs of improvements. Under a claim statute far broader than section 707, requiring that "all persons having claims against the decedent" (compare "all claims arising upon contract"), the Nevada Supreme Court held that a claim was not required. (See also Annot. at 73 A.L.R.2d 883.)

We hold that an action pursuant to Civil Code section 1691 to enforce judicially a rescission of a contract is not a "claim arising upon contract" and does not necessitate as a prerequisite the filing of a creditor's claim.

The judgment is reversed.

Regan, Acting P. J., and Reynoso, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied June 27, 1979.